**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| REDA A. GINENA et al., Plaintiffs, vs. ALASKA AIRLINES, INC., Defendant. | ) | 2:04-cv-01304-RCJ-LRL **ORDER** |

This case arises out of an altercation on an international commercial passenger flight. Pending before the Court is Plaintiffs' Motion to Amend (ECF No. 138) and Plaintiffs' Motion to Modify Scheduling Order (ECF No. 139). For the reasons given herein, the Court denies the motions.

**I. FACTS AND PROCEDURAL HISTORY**

The nine Plaintiffs in this case are citizens of Canada, Germany, and Egypt who on September 29, 2003 were traveling with Defendant Alaska Airlines, Inc. ("AA") from Vancouver, Canada to Las Vegas, Nevada to attend an energy industry convention. About one hour into the flight, the pilot diverted the plane to Reno, Nevada after a stewardess informed him that she had lost control of the first class passenger cabin. Security officials at the Reno Airport determined that Plaintiffs posed no security threat and cleared them to continue on the flight, but the pilot refused to fly with them onboard, so they were removed. Plaintiffs allege that they were not unruly and made no threats, but that the flight crew treated them poorly because of its perception of their Arab ethnicity and Muslim religion. The diversion caused Plaintiffs to miss

the convention and certain business opportunities. Furthermore, Plaintiffs allege that the pilot and other employees of AA defamed them by reporting them to the authorities, contacting another airline in a failed attempt to prevent them from traveling on that airline, and made defamatory announcements over the public address system of the plane to the remaining passengers after Plaintiffs were forced to leave the plane.

The Amended Complaint ("AC") lists five causes of action. The Court dismissed all claims as preempted by the Warsaw Convention, except of course the first claim under the Warsaw Convention itself, and later granted summary judgment to Defendant against the Warsaw Convention claim. The Court of Appeals affirmed in part, reversed in part, and remanded. The court reversed summary judgment on the Warsaw Convention claim, ruling that the reasonableness of the pilot's actions must be determined by a jury. The court affirmed dismissal of the state law claims except as to the defamation claim insofar as the claim arose out of conduct that occurred after Plaintiffs departed the aircraft, which conduct was outside the scope of the Warsaw Convention's preemptive force. The court remanded the case for trial on the Warsaw Convention claim and the defamation claim insofar as it arose after Plaintiffs departed the aircraft. The court also affirmed the Court's denial of Plaintiffs' motion to amend the complaint under Rule 15(d), but noted that the Court should consider amendment to add more defamation claims under Rule 15(a) if Plaintiffs were to so move. The Court of Appeals noted that even though the two-year statute of limitations may have run on these new defamation claims, the question of equitable tolling should be put to the jury as an affirmative defense. Plaintiffs have moved to modify the scheduling order to permit a motion to amend the complaint and have also moved to amend the complaint directly to add defamation claims arising out of statements made before they filed the Complaint but the facts of which they did not discover until discovery in this case.

///

## II. LEGAL STANDARDS

After time to amend as a matter of right has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III. ANALYSIS

Plaintiffs wish to add claims for defamation arising out of post-debarkation conduct revealed during discovery. The Court will modify the scheduling order to permit the motion to amend. However, the Court denies leave to add the new claims. Plaintiffs allege the following new bases for their defamation claims: the malicious filing of a criminal complaint against Plaintiffs; an email from AA's director of security to other AA mangers concerning the incident; emails from an AA "executive" and an AA "management employee" to other AA employees concerning the incident; and the publication of information concerning the incident in an AA newsletter distributed to its pilots.

First, Plaintiffs admit facts indicating that the statute of limitations ran on any defamation claim arising out of the filing of the criminal complaint when they allege that they were arrested within days based upon that criminal complaint. (*See* Proposed Second Am. Compl. ("PSAC") ¶ 34, June 4, 2011, ECF No. 138-1). Plaintiffs cannot rely on the discovery rule to toll the statute of limitations in such circumstances. Because this admission of facts appears on the face of the PSAC, no further fact-finding is necessary to resolve the issue. *See Hyatt Chalet Motels, Inc. v. Carpenters Local 1065*, 430 F.2d 1119, 1120 (9th Cir. 1970).

Second, the alleged defamatory intra-corporate statements simply do not constitute "publications" under Nevada's defamation law. *See Simpson v. Mars Inc.*, 929 P.2d 966, 967–68 (Nev. 1997). Although this doctrine is an affirmative defense in Nevada, *see id.* at 968, the affirmative defense appears on the face of the PSAC in each circumstance, (*see* PSAC ¶¶ 48, 54, 60, 66, 71), so no further fact-finding is necessary to resolve the issue, *see Hyatt Chalet Motels,*

*Inc.*, 430 F.2d at 1120.

The case will proceed to trial on the claim for delay under the Warsaw Convention and the state law defamation claim based on the post-debarkation communications to American West Airlines and the post-debarkation announcements over the aircraft's public address system to the remaining passengers.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Modify Scheduling Order (ECF No. 139) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 138) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of July, 2011.

ROBERT C. JONES
United States District Judge