# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REDA A. GINENA, *et al.*, | |
| Plaintiffs, | Case No. 2:04-cv-01304-RCJ-CWH |
| vs. | **ORDER** |
| ALASKA AIRLINES, INC., | |
| Defendant. | |

This matter came before the Court for a hearing on Defendant's Status Report Regarding Outstanding Discovery Issues and Other Pretrial Matters (#153), filed July 22, 2011, and Plaintiffs' Status Report (#153), filed July 26, 2011.

The parties' status reports identify the following discovery motions which needed to be addressed as a result of the Ninth Circuit Court of Appeals remand of this matter:

1. Defendant's Motion for Protective Order re Deposition of Captain Paul Majer (#91);
2. Plaintiffs' Motion to Compel Production of Documents, Further Answers to Interrogatories, and Answers to Deposition Questions (#93);
3. Plaintiffs' Motion to Compel Compliance with Subpoena (#99); and
4. Government's Motion for Protective Order and Order Permitting the Disclosure of Information Protected by the Privacy Act (#108).

During the September 30, 2011, hearing on these various motions, the affected parties agreed that there was no opposition to either Plaintiff's motion to compel (#99) or the Government's motion for protective order (#108). Consequently, the motions were granted. *See* Minutes of Proceedings

(#162).  The Court took Defendant's motion for protective order (#91) under advisement.  Regarding Plaintiff's motion to compel (#93), the parties resolved the issue surrounding production of the passenger list for Flight 694.  The parties were unable to resolve the issue surrounding the initial cancellation of Alaska Airlines employee DaLee Callaway's deposition and, therefore, the Court took that issue under submission.  The factual and procedural posture of the case is summarized by Chief Judge Jones in his recent order denying a motion for certificate of appealability.  *See* Order (#163).  The Court sees no reason to repeat that history here as all parties are familiar with the facts in this matter.

**1. Defendant's Motion for Protective Order re Deposition of Captain Paul Majer (#91)**

Defendant requests a protective order precluding the deposition of Captain Paul Majer or, alternatively, holding the deposition in abeyance pending a decision on whether an amended motion would be granted adding a claim for defamation.  According to Defendant, testimony from Captain Majer is both irrelevant and would be unduly burdensome.  Plaintiffs acknowledge that the testimony from Captain Majer is primarily geared toward the proposed defamation claim.  Plaintiffs also argue that any testimony would be relevant to Defendant's practice, and the practice of the airline industry as a whole, in investigating the type of claims before the court.  After review, the court finds that the deposition testimony of Captain Majer is both irrelevant and would be unduly burdensome.  Consequently, the Court will grant Defendant's motion for protective order (#91).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).  The party seeking a protective order bears the burden of asserting good cause by "showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir.2003).  Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  If discovery sought is not relevant, the court should restrict discovery by issuing a protective order. *Roehrs v. Minnesota Life Ins. Co.,* 228 F.R.D. 642, 644 (D.Ariz.2005) (citing *Herbert v. Lando,* 441 U.S. 153, 177 (1979).

The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir.2002) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 38 (1984)).  Production of

information that is not relevant is an inherently undue burden. *Jimenez v. City of Chicago*, 733 F.Supp.2d 1268, 1273 (W.D. Wash. 2010). Relevance for purposes of discovery is a broad concept. It is not limited to matters that will be admissible at trial so long as the information "appears reasonably calculated to lead to the discovery of admissible evidence." *Seattle Time Co.* at 467 U.S. 29-30. Nevertheless, while the federal rules create "a broad right of discovery," the "right of a party to obtain discovery is not unlimited." *Epstein v. MCA Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

      Based on the pleadings and record before it, the Court finds that the testimony of Captain Majer is neither relevant to any party's claim nor defense or reasonably calculated to lead to admissible evidence and is, therefore, irrelevant. During the course of the hearings the parties agreed that the primary relevance of Captain Majer's testimony would have been in regard to Plaintiffs' proposed defamation. At the hearings both parties agreed that there are no defamation claims currently pending. The state law claim based on the post-debarkation communications of American West Airlines and the post-debarkation announcements over the aircraft's public address system to the passenger had been resolved between the parties. Plaintiffs' effort to amend the complaint to add a defamation claim that purportedly arose out of the post-debarkation conduct revealed during discovery was denied by Chief Judge Jones. *See* Order (#155) (denying Plaintiffs' Motion to Amend (#138)) and Order (#163) (denying Plaintiffs' Motion for Certificate of Appealability (#157)). Consequently, whatever relevance Captain Majer's testimony may have had to the defamation claims is of no value as such claims no longer exist.

      Moreover, as set forth in Defendant's initial briefing, Captain Majer's testimony is not relevant to the claim under the Warsaw Convention. The burden is on Defendant to prove it took all necessary measures to avoid a delay for purposes of the Warsaw claim. Captain Majer was not the pilot in command of Alaska Airlines Flight 694. Any information he gained regarding events that occurred on the flight in question were gained after the events occurred. He has no first hand knowledge of the events. Further, during the hearing on this matter, Defendant's counsel represented that Captain Majer was not responsible for review of the actions taken by the in-flight crew. The Court agrees with Defendant that Captain Majer's testimony, necessarily deriving from comments made in a newsletter and not part of any official review that has been placed before the court, would have "no bearing ... on

the operational considerations of the flight in question."

Moreover, if sought after discovery would be "unreasonably cumulative or duplicative" the court "must limit the frequency or extent of discovery otherwise allowed by these rules ...." Fed. R. Civ. P. 26(b)(2)(C)(i). Even assuming *arguendo* that Captain Majer's testimony may have some relevance to the in-flight operation of Flight 694, it would be unnecessarily cumulative and duplicative. Plaintiffs have deposed at least 9 of Defendant's witnesses in this case, including the three flight attendants and two pilots responsible for the operation of Flight 694. Plaintiffs have also deposed Captain Dennis Mellen, the Flight Operations Duty Officer for Defendant Alaska Airlines who was on call during the incident. Additionally, Plaintiffs have deposed or interviewed many of the passengers who were aboard Flight 694. Captain Majer is not a percipient witness to the events. Nor is there anything before the Court indicating that he is a Rule 30(b)(6) witness called upon to testify regarding Defendant's professional conduct policy or review.

Based on the foregoing, the Court will grant Defendant's Motion for Protective Order re Deposition of Captain Paul Majer (#91).

**2. Plaintiffs' Motion to Compel Production of Documents, Further Answers to Interrogatories, and Answers to Deposition Questions (#93)**

During the hearing, the parties agreed to work together to identify appropriate passengers from Defendant's flight records. The Court was satisfied with the parties representations and sees no further need to address the question of passenger identities. The only remaining question is whether Ms. Dalee Callaway should be compelled to answer questions as to why her deposition was initially terminated on November 22, 2005. The deposition was later completed but Ms. Callaway was instructed not to answer questions regarding the underlying circumstances of why her initial deposition was terminated.

During the hearing on this matter, the Court heard oral argument from the parties' respective counsel. Eventually, the Court conducted a sealed hearing to determine the nature and extent of the alleged security threat to Ms. Callaway that led to her initial deposition being terminated by defense counsel. The Court is satisfied that the details of Ms. Callaway's security concern are not relevant to this matter and would not be of any use to Plaintiffs. The Court is also satisfied with Defendant's representation made during both the open hearing and sealed hearing that it does not intend to rely upon

or use evidence of the alleged security threat in its case-in-chief. To ensure fairness, the Court will enforce that representation by precluding the reliance or use of any security threat to Ms. Callaway.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order re Deposition of Captain Paul Majer (#91) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Production of Documents, Further Answers to Interrogatories, and Answers to Deposition Questions (#93) is **granted in part and denied in part**. The parties shall file a Joint Status Report regarding the passenger flight information the parties agreed to exchange by 4:00 p.m. on **Friday, October 14, 2011**.

**IT IS FURTHER ORDERED** that Defendant is precluded from introducing or relying on evidence of the alleged security threat against Ms. Dalee Callaway that led to the termination of her deposition on November 22, 2005 in its case-in-chief.

DATED this 6th day of October, 2011.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**