1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6

REDA A. GINENA et al.,                          )
7                                               )
                        Plaintiffs,             )
8                                               )        2:04-cv-01304-RCJ-CWH
            vs.                                 )
9                                               )
ALASKA AIRLINES, INC.,                          )        **ORDER**
10                                              )
                        Defendant.              )
11      _____  )

12          This case arises out of an altercation on an international passenger flight.  Pending before

13   the Court is Defendant's Motion in Limine (ECF No. 196).  For the reasons given herein, the

14   Court grants the motion.

15   **I.      FACTS AND PROCEDURAL HISTORY**

16          The nine Plaintiffs in this case are citizens of Canada, Germany, and Egypt, variously,

17   who on September 29, 2003 were traveling with Defendant Alaska Airlines, Inc. ("AA") from

18   Vancouver, Canada to Las Vegas, Nevada to attend an energy industry convention.  About one

19   hour into the flight, the pilot diverted the plane to Reno, Nevada when a flight attendant

20   informed him that she had lost control of the passengers in the first class cabin.  Security

21   officials at the Reno Airport cleared Plaintiffs to continue their travel and indicated they were

22   not a security threat, but the pilot refused to fly with them onboard, so they were removed.

23   Plaintiffs allege that they were not unruly and made no threats, but that the flight crew treated

24   them poorly because of its perception of their Arab ethnicity and Muslim religion.  The diversion

25   allegedly caused Plaintiffs to miss important business opportunities, though they attended the

1   convention.  Plaintiffs also allege that the pilot and other employees of AA defamed them by

2   reporting them to the authorities, contacting another airline in a failed attempt to prevent them

3   from traveling on that airline, and made defamatory announcements over the public address

4   system of the plane to the remaining passengers after Plaintiffs were forced to leave the plane.

5        The Amended Complaint ("AC") lists five causes of action.  The Court dismissed all

6   claims as preempted by the Warsaw Convention, except of course the first claim under the

7   Warsaw Convention itself, and later granted summary judgment to Defendant against the

8   Warsaw Convention claim.  The Court of Appeals affirmed in part, reversed in part, and

9   remanded.  The court reversed summary judgment on the Warsaw Convention claim, ruling that

10  the reasonableness of the pilot's actions could not be determined on summary judgment.  The

11  court affirmed dismissal of the state law claims except as to the defamation claim insofar as the

12  claim arose out of conduct that occurred after Plaintiffs departed the aircraft, which conduct was

13  outside the scope of the Warsaw Convention's preemptive force.  The court remanded the case

14  for trial on the Warsaw Convention claim and the alleged defamation occurring after Plaintiffs

15  departed the aircraft.  The court also affirmed the denial of Plaintiffs' motion to amend the

16  complaint under Rule 15(d), but noted that the Court should consider amendment to add more

17  defamation claims under Rule 15(a) if Plaintiffs so moved.  The court noted that even though the

18  two-year statute of limitations may have run on these new defamation claims, the question of

19  equitable tolling should not be decided on dispositive motion but should be put to the jury as an

20  affirmative defense.

21       Plaintiffs moved to amend the AC to add new defamation claims.  The Court denied the

22  motion and the subsequent motion for a certificate of appealability under 28 U.S.C. § 1292(b).

23  The Court ruled that one of the defamation claims Plaintiffs were attempting to add had been

24  explicitly precluded by the Court of Appeals' order, and that the others were variously barred by

25  Nevada's statute of limitations and the intra-corporate statements doctrine, not based upon the

1    Court's assessment of the facts, but because the affirmative defenses appeared on the face of the

2    proposed second amended complaint.  The Court has denied a motion for interlocutory review,

3    and Plaintiffs have petitioned the Court of Appeals for a writ of mandamus over the issue.  The

4    parties have filed several motions in limine, the latest of which is before the Court.

5    **II.      LEGAL STANDARDS**

6           A motion in limine is a procedural device to obtain an early and preliminary ruling on the

7    admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain

8    inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion

9    when it believes that mere mention of the evidence during trial would be highly prejudicial and

10   could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed.

11   2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine,

12   the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant

13   to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed.

14   R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence

15   from being suggested to the jury by any means")).

16          A motion in limine is a request for the court's guidance concerning an evidentiary

17   question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad

18   discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d

19   663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual

20   disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323

21   (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible

22   on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D.

23   Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred

24   until trial so that questions of foundation, relevancy and potential prejudice may be resolved in

25   proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill.

1   1993).  This is because although rulings on motions in limine may save "time, costs, effort and

2   preparation, a court is almost always better situated during the actual trial to assess the value and

3   utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

4          In limine rulings are provisional.  Such "rulings are not binding on the trial judge [who]

5   may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,

6   758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to

7   change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in

8   limine does not necessarily mean that all evidence contemplated by the motion will be admitted

9   to trial.  Denial merely means that without the context of trial, the court is unable to determine

10  whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

11  **III.    ANALYSIS**

12         Defendant asks the Court to exclude evidence of flight attendant Robin Duus's written

13  warning from her supervisor on September 24, 2003 based upon an attendance infraction.

14  Defendant suspects Plaintiffs may attempt to introduce evidence of Duus's reprimand to show

15  that she was upset on the day of the incident before she encountered Plaintiffs.  Defendant argues

16  that evidence of the reprimand is irrelevant and prejudicial.

17         The Court grants the motion on the basis of relevance.  The issue with respect to the

18  Warsaw Convention delay claim is not Duus's emotional state on the day in question.  The issue

19  is not even, as Defendant argues, Duus's own conduct as a flight attendant on the day in

20  question.  The issue is whether the *pilot* acted reasonably when he made the decision to divert

21  the plane, thereby delaying Plaintiffs' travel, based on the totality of the circumstances as known

22  to him, including the information he had from Duus.  Whether Duus was upset that day because

23  of a reprimand does not make the issue of the pilot's reasonableness more or less likely to be

24  true, and it is therefore inadmissible. *See* Fed. R. Evid. 401, 402.  Only if the pilot who made the

25  decision to divert the flight knew of Duus's reprimand, and therefore could have considered

1 Duus's emotional state when assessing her report to him, could the reprimand be said to be

2 relevant.

3                                              **CONCLUSION**

4          IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 196) is GRANTED

5          IT IS SO ORDERED.

6 Dated this 31st day of January, 2012.

7 _____

                                    ROBERT C. JONES
8                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25