# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| REDA A. GINENA et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 2:04-cv-01304-RCJ-CWH |
| vs. | ) | |
| | ) | |
| ALASKA AIRLINES, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This case arises out of an altercation on an international passenger flight. Pending before the Court are a motion in limine, a motion to clarify, a motion to stay, and two motions to seal. For the reasons given herein, the Court grants the motion to clarify and denies the remaining motions.

## I.   FACTS AND PROCEDURAL HISTORY

The nine Plaintiffs in this case are citizens of Canada, Germany, and Egypt who on September 29, 2003 were traveling with Defendant Alaska Airlines, Inc. ("AA") from Vancouver, Canada to Las Vegas, Nevada in order to attend an energy industry convention. About one hour into the flight, the pilot diverted the plane to Reno after a flight attendant informed him that she had lost control of the passengers. Security officials at the Reno Airport cleared Plaintiffs to continue and indicated they were not a security threat, but the pilot refused to fly with them onboard, so they were removed. Plaintiffs allege that they were not unruly and made no threats, but that the flight crew treated them poorly because of its perception of their Arab ethnicity and Muslim religion. The diversion caused Plaintiffs to miss important business

1   opportunities.  Furthermore, Plaintiffs allege that the pilot and other employees of AA defamed
2   them by reporting them to the authorities, contacting another airline in a failed attempt to prevent
3   them from traveling on that airline, and made defamatory announcements over the public address
4   system of the plane to the remaining passengers after Plaintiffs were forced to disembark.

5         The Amended Complaint ("AC") lists five causes of action.  The Court dismissed all
6   claims as preempted by the Warsaw Convention, except of course the first claim under the
7   Warsaw Convention itself, and later granted summary judgment to Defendant against the
8   Warsaw Convention claim.  The Court of Appeals affirmed in part, reversed in part, and
9   remanded.  The court reversed summary judgment on the Warsaw Convention claim, ruling that
10  the reasonableness of the pilot's actions could not be determined on summary judgment.  The
11  court affirmed dismissal of the state law claims except as to the defamation claim insofar as the
12  claim arose out of conduct that occurred after Plaintiffs departed the aircraft, which conduct was
13  outside the scope of the Warsaw Convention's preemptive force.  The court therefore remanded
14  for trial on the Warsaw Convention claim and any defamation claims arising after Plaintiffs
15  departed the aircraft. The Court of Appeals also affirmed the Court's denial of Plaintiffs' motion
16  to amend the complaint under Rule 15(d), but noted that the Court should consider amendment
17  to add more defamation claims under Rule 15(a) if Plaintiffs so moved.  The court noted that
18  even though the two-year statute of limitations may have run on these new defamation claims,
19  the question of equitable tolling should not be decided on dispositive motion in this case but
20  should be put to the jury as an affirmative defense.  Plaintiffs moved to amend the AC to add
21  new defamation claims.  The Court denied the motion.  Plaintiffs moved for a certificate of
22  appealability pursuant to 28 U.S.C. § 1292(b), which the Court denied.  Plaintiffs have petitioned
23  the Court of Appeals for a writ of mandamus.  In the meantime, five motions are pending before
24  the Court.
25  ///

## II. MOTION IN LIMINE

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who]

1  may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,
2  758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to
3  change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in
4  limine does not necessarily mean that all evidence contemplated by the motion will be admitted
5  to trial. Denial merely means that without the context of trial, the court is unable to determine
6  whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

7      Defendant asks the Court to cap damages under the Warsaw Convention claim and to
8  exclude "speculative" damages. First, Defendant argues that the Warsaw Convention caps
9  damages for a delay claim at 16,600 Special Drawing Rights ("SDR") per passenger, which
10 comes to $26,000 under the applicable conventions and protocols. Defendant may request an
11 appropriate jury instruction or may file a motion for remittitur if the jury oversteps its
12 instructions, but the Court will not preliminarily exclude any particular evidence of damages
13 without the context of trial testimony. Furthermore, the cap only applies to non-willful damages
14 by Defendant's own admission, and the time to file a summary judgment motion on the issue of
15 willfulness has passed.

16     Second, Defendant argues that most of Plaintiffs' alleged damages are either no damages
17 at all or speculative. For example, Defendant argues that the costs of hotel accommodation,
18 meals, and transportation in Las Vegas are simply not damages, because although Plaintiffs
19 arrived in Las Vegas late, they in fact used those services and attended the convention.
20 Defendant argues that only the additional cost of airfare due to the delay is compensable.
21 Defendant also argues that lost business opportunities are speculative and unlikely because
22 Plaintiffs in fact attended the convention. But these are all matters of proof for the jury (or for
23 the Court via Rule 50(b) motions). Of course, no witness may speculate on any issue as a
24 general matter, but it is not clear whether any particular testimony at trial will be speculative at
25 this stage, and the jury will be instructed on the law of damages as to foreseeability and similar

1 issues. The Court's denial of the motion is a preliminary ruling, and the Court will sustain
2 objections to questions soliciting speculative testimony concerning damages at trial.

3 **III.   MOTION FOR CLARIFICATION**

4 Plaintiffs note some confusion arising out of the Court's July 26, 2011 order denying
5 their motion to amend. In that order, the Court noted that two claims would proceed to trial: (1)
6 the Warsaw Convention claim for delay; and (2) the state law defamation claim arising out of
7 post-debarkation conduct. (*See* Order 4:2–5, July 26, 2011, ECF No. 155 ("The case will
8 proceed to trial on the claim for delay under the Warsaw Convention and the state law
9 defamation claim based on the post-debarkation communications to American West Airlines and
10 the post-debarkation announcements over the aircraft's public address system to the remaining
11 passengers.")). The confusion arises out of the fact that the Court indicated that the defamation
12 claim could be based upon either of two incidents: (1) communications from Defendant to
13 America West Airlines; and (2) announcements on the aircraft to the remaining passengers. (*See*
14 *id.*).[1] Plaintiffs note that the Court of Appeals affirmed the Court's denial of Plaintiffs' Rule
15 15(d) motion to add, *inter alia*, the communication to America West Airlines, and that
16 Defendant's counsel claimed at a discovery hearing before the magistrate judge that Plaintiffs
17 did not include that defamation claim in their recent motion to amend pursuant to Rule 15(a).
18 Plaintiffs ask the Court to clarify that they may try that claim.

19 The Court grants the motion to clarify. The alleged communication from Defendant to
20 America West Airlines does not appear to have constituted part of the debarkation process such
21 that it is preempted by the Warsaw Pact. Nor does it constitute intracorporate communications
22 such that it does not constitute a statement for the purpose of Nevada's defamation law. And the

---

[1] The parties noted at oral argument that Plaintiffs have voluntarily dismissed the defamation claim based on announcements made on the aircraft to the remaining passengers after Plaintiffs' debarkation.

1 statute of limitations defense does not appear on the face of the allegations.  A review of
2 Plaintiffs' proposed second amended complaint shows that contrary to Defendant's counsel's
3 statements to the magistrate judge, it did in fact include a defamation claim based upon the
4 communications to America West Airlines. (*See* Prop. Second Am. Compl. ¶ 43, June 4, 2011,
5 ECF No. 138-2).  The Court formally denied the motion to amend en toto, but clearly the Court
6 intended that this aspect of the defamation claim could be tried.  The Court probably assumed
7 that this aspect of the defamation claim had been revived on appeal along with the onboard-
8 announcements aspect of the claim and so it did not state that it was granting the motion to
9 amend in part.  The Court therefore clarifies that the defamation claim may be based upon the
10 communication to America West Airlines.  The Court will not reopen discovery or permit further
11 dispositive motions.

12 **IV.   MOTION TO STAY**

13 Plaintiffs ask the Court to stay the case pending the Ninth Circuit's ruling on their
14 mandamus petition concerning the Court's denial of their motion to amend.  Plaintiffs' reply
15 brief regarding the mandamus petition was due January 4, 2012, and trial in the case is set for
16 January 31, 2012.

17 "[T]he factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has
18 made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will
19 be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the
20 other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v.*
21 *Braunskill*, 481 U.S. 770, 776 (1987).  Plaintiffs have not shown a likelihood of success on the
22 merits or irreparable harm absent a stay.  If the Ninth Circuit were to grant the petition, Plaintiffs
23 would be able to present the new claims even if it required a second trial.  The Court will
24 therefore deny the motion.

25 However, the Court has rescheduled the trial to February 28, 2012 and will likely

1  continue the trial again for reasons of efficiency until the Ninth Circuit rules on the mandamus

2  petition. If the Ninth Circuit were to grant the writ in full or in part, but only after the first trial

3  had concluded, the Court would have to hold a second trial. Therefore, although Defendant is

4  correct that the Ninth Circuit could still afford Plaintiffs relief by remanding for a second trial on

5  any revived claims, such a result would be extremely inefficient for the parties (most of whom

6  reside abroad) and the Court. The inefficiency of two trials in this case would be extreme. The

7  Court therefore denies the motion but will continue the trial as noted at the hearing.

8  **V.    MOTIONS TO SEAL**

9  At oral argument, the parties noted that they had only moved to seal certain briefs

10 because they referred to redacted documents that the government desired to keep sealed. The

11 parties themselves did not desire to keep those documents sealed, much less the briefs that

12 merely refer to them. The Court will therefore deny the motions to seal. The parties need not

13 file briefs under seal simply because they refer to already redacted documents.

14                                                    **CONCLUSION**

15 IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 172) is DENIED.

16 IT IS FURTHER ORDERED that the Motion for Clarification (ECF No. 181) is

17 GRANTED.

18 IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 182) is DENIED.

19 IT IS FURTHER ORDERED that the Motions to Seal (ECF Nos. 189, 192) are DENIED.

20 IT IS SO ORDERED.

21 Dated this 2nd day of February, 2012.

22                                                    _____
                                                     ROBERT C. JONES
23                                                    United States District Judge

24

25