UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| REDA A. GINENA et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:04-cv-01304-RCJ-CWH |
| vs. | ) | |
| | ) | |
| ALASKA AIRLINES, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of an altercation on an international passenger flight. Pending before the Court are a motion in limine, a motion to stay, a motion to shorten time, and two motions for leave to file additional pleadings. For the reasons given herein, the Court denies the motions.

**I.     FACTS AND PROCEDURAL HISTORY**

The nine Plaintiffs in this case are citizens of Canada, Germany, and Egypt, variously, who on September 29, 2003 were traveling with Defendant Alaska Airlines, Inc. ("AA") from Vancouver, Canada to Las Vegas, Nevada to attend an energy industry convention. About one hour into the flight, the pilot diverted the plane to Reno, Nevada when a flight attendant informed him that she had lost control of the passengers in the first class cabin. Security officials at the Reno Airport cleared Plaintiffs to continue their travel and indicated they were not a security threat, but the pilot refused to fly with them onboard, so they were removed. Plaintiffs allege that they were not unruly and made no threats, but that the flight crew treated them poorly because of its perception of their Arab ethnicity and Muslim religion. The diversion allegedly caused Plaintiffs to miss important business opportunities, though they attended the

convention. Plaintiffs also allege that the pilot and other employees of AA defamed them by reporting them to the authorities, contacting another airline in a failed attempt to prevent them from traveling on that airline, and made defamatory announcements over the public address system of the plane to the remaining passengers after Plaintiffs were forced to leave the plane.

The Amended Complaint ("AC") lists five causes of action. The Court dismissed all claims as preempted by the Warsaw Convention, except of course the first claim under the Warsaw Convention itself, and later granted summary judgment to Defendant against the Warsaw Convention claim. The Court of Appeals affirmed in part, reversed in part, and remanded. The court reversed summary judgment on the Warsaw Convention claim, ruling that the reasonableness of the pilot's actions could not be determined on summary judgment. The court affirmed dismissal of the state law claims except as to the defamation claim insofar as the claim arose out of conduct that occurred after Plaintiffs departed the aircraft, which conduct was outside the scope of the Warsaw Convention's preemptive force. The court remanded the case for trial on the Warsaw Convention claim and the alleged defamation occurring after Plaintiffs departed the aircraft. The court also affirmed the denial of Plaintiffs' motion to amend the complaint under Rule 15(d), but noted that the Court should consider amendment to add more defamation claims under Rule 15(a) if Plaintiffs so moved. The court noted that even though the two-year statute of limitations may have run on these new defamation claims, the question of equitable tolling should not be decided on dispositive motion but should be put to the jury as an affirmative defense.

Plaintiffs moved to amend the AC to add new defamation claims. The Court denied the motion and the subsequent motion for a certificate of appealability under 28 U.S.C. § 1292(b). The Court ruled that one of the defamation claims Plaintiffs were attempting to add had been explicitly precluded by the Court of Appeals' order, and that the others were variously barred by Nevada's statute of limitations and the intra-corporate statements doctrine, not based upon the

1 Court's assessment of the facts, but because the affirmative defenses appeared on the face of the
2 proposed second amended complaint.  The Court has denied a motion for interlocutory review,
3 and Plaintiffs have petitioned the Court of Appeals for a writ of mandamus over the issue.  The
4 parties have filed several motions in limine, the latest of which is before the Court.  The parties
5 previously asked the Court to stay the case pending a ruling on the mandamus petition, and the
6 Court denied that request.  A second successive motion to stay the case is now pending before
7 the Court, as is Defendant's third successive motion in limine and three additional miscellaneous
8 procedural motions.

## II.     LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible

on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III.   ANALYSIS

Defendant asks the Court to exclude evidence of damages unrecoverable under a Warsaw Convention delay claim, i.e., damages not directly tied to Plaintiffs' late arrival. Defendant does not identify any particular piece of evidence but asks the Court to exclude any evidence of "reputational or lost business damages." The Court denies the motion. The Court's rulings on objections at trial and jury instructions will ensure improper damages are not awarded, but Defendant identifies no particular piece of evidence to exclude. The Court has already indicated that the context of trial testimony will determine whether a claim of damages from any particular lost business opportunity is speculative versus concrete and related to the delay. Also, evidence of damage to Plaintiffs' reputation will be admissible on the defamation claim arising out of the communication from Defendant to America West. The Court cannot at this time know which

1 particular pieces of testimony will be fairly related to this claim.

2 Finally, Plaintiffs ask the Court to stay the case pending the Ninth Circuit's ruling on
3 their mandamus petition. The Court denied the first stay motion because the legal standards for
4 a stay are not satisfied. The Court will deny the present motion as well.

## CONCLUSION

6 IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 205) is DENIED.

7 IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 208) is DENIED.

8 IT IS FURTHER ORDERED that the Motion to Shorten Time (ECF No. 209), the
9 Motion to File a Reply (ECF No. 212), and the Motion to File a Supplemental Declaration (ECF
10 No. 213) are DENIED.

11 IT IS SO ORDERED.

12 Dated this 24th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge