UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REDA A. GINENA, *et al.*,

                Plaintiffs,        Case No. 2:04-cv-01304-RCJ-CWH

vs.                                                **ORDER**

ALASKA AIRLINES, INC.,

                Defendant.

       This matter is before the Court on the parties' Stipulation to Extend Discovery Period to Accommodate Private Mediation (#232), filed May 9, 2012.

       After the Ninth Circuit entered its order (#215), Chief Judge Jones held a status conference in order to determine how this litigation should proceed. During that hearing, in conformance with the Ninth Circuit's order, Plaintiffs' motion for leave to file an amended complaint (#56) was granted and deemed filed as of March 19, 2012. *See* Mins. of Proceedings (#225). Defendant was given 10 days, or until March 29, 2012, to file an answer or otherwise respond to the amended complaint. The parties were given a 60 day period, or until Monday, May 28, 2012, to complete discovery. Additionally, the then existing trial schedule was vacated and rescheduled with the joint pretrial due by July 20, 2012, calendar call scheduled for August 6, 2012, and the trial set for August 20, 2012. The parties were also instructed to contact the undersigned to schedule a settlement conference if they believed such a conference would be of assistance. Subsequently, based upon the parties' request, the undersigned scheduled a settlement conference for June 8, 2012. *See* Order (#227).

       On May 1, 2012, approximately 30 days before the close of discovery, Defendant filed its

motion (#228) seeking leave to depose each plaintiff, except for Nahid Ginena, a second time "to allow for questioning on the newly added defamation claims." *See* Def.'s Mot. (#228) at 3:4-5.  Defendant argues the additional depositions are necessary because the defamation claims had been dismissed prior to the time when Plaintiffs were first deposed in December of 2005.  Given the limited time remaining for discovery and the fast-approaching trial date, the Court, pursuant to Local Rule 7-2(b) and (c), shortened the time for response to Defendant's motion to May 9, 2012, with any reply due by May 11, 2012.  *See* Min. Order (#230).

Thereafter, on May 9, 2012, the day Plaintiffs' response to Defendant's motion (#228) was due, the parties filed a joint stipulation (#232).  The parties identified discovery which had been completed and discovery, including additional requests to compel or for protective orders, still contemplated.  The parties stipulated to stay "all discovery and related motion practice" pending completion of a private mediation in New York on June 7 or 8, 2012.  *See* Stip. (#232) at 2: 11-12.  In addition to the requested stay, the parties also request (1) that the scheduled settlement conference before the undersigned by vacated and (2) that the Court permit a 20 day period for discovery following the mediation if it is unsuccessful.

The undersigned has reviewed the stipulation and agrees that the contemplated private mediation is appropriate.  Thus, the settlement conference currently scheduled for June 8, 2012, will be vacated.   The Court is concerned, however, with the parties' desire to stay discovery and motion practice until after the private mediation.  When the stipulation was filed, only 20 days remained in the discovery period and, based upon the parties' representations, "considerable discovery" had been completed but "more is noticed or contemplated and additional motions to compel or for protective orders are also contemplated." *See* Stip. (#232) at 2: 7-8.  Additionally, the pending discovery motion (#228) contemplates the deposition of eight of nine Plaintiffs on seven new causes of action.  The stipulation clearly conflicts with the time currently set for completion of discovery.  Pursuant to LR 7-1(b), "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the Court."  This case is 8 years old.  The trial date is set.  Discovery will shortly close.  More discovery and motion practice related to discovery is contemplated. Thus, the Court finds that a stay of discovery is not appropriate.

Nevertheless, to ensure adequate time for completion of discovery following the mediation, the Court will grant an additional 20 days for discovery.

More problematic, is Defendant's pending motion (#228). If granted, it would require eight of the named plaintiffs, all of whom are foreign nationals residing outside the United States, to appear for a second deposition. After notices of the depositions were served, the parties met and conferred but Plaintiffs did not agree to the depositions. Given that the motion requires consideration of not only the propriety of the requested depositions, but, in all likelihood, the time, location, and parameters for the depositions, the Court shortened the briefing schedule. It did so to ensure that, if the motion is granted, the parties would have ample time to complete the depositions. Unfortunately, rather than filing the required response, the parties submitted a stipulation staying the motion practice until after the contemplated mediation. At this stage, the Court is simply not inclined to delay its decision on the Defendant's motion (#228). Thus, rather than grant the motion for non-opposition, the Court will require Plaintiffs to file their response by 12:00 PM on Monday, May 21, 2012. Failure to do so will result in the motion being granted for non-opposition.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the parties' Stipulation to Extend Discovery Period to Accommodate Private Mediation (#232) is **approved in part**. Based on the parties' desire to participate in private mediation, the Settlement Conference currently scheduled for June 8, 2012, before the undersigned is **VACATED**.

**IT IS FURTHER ORDERED** that the parties' request to stay discovery is **DENIED**. The parties should continue with discovery.

**IT IS FURTHER ORDERED** that the parties' request for an extension of discovery is **GRANTED**. Discovery will close on **Thursday, June 28, 2012**. <u>**No further extensions will be granted**</u>.

**IT IS FURTHER ORDERED** that <u>all</u> discovery motions are due by the close of discovery.

**IT IS FURTHER ORDERED** that Defendants' response to Plaintiff's motion (#228) is due by 12:00 PM on Monday, May 21, 2012. Failure to file a <u>timely</u> response will result in the motion being granted for non-opposition.

1     **IT IS FURTHER ORDERED** that the parties shall file a joint status report on **Monday, June 11, 2012**, informing the Court of the results of the mediation as well as outlining <u>all</u> discovery which has been completed and <u>all</u> discovery that remains

DATED this 17th day of May, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**