UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REDA GINENA, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ALASKA AIRLINES, INC.,<br><br>　　　　　　Defendant. | Case No. 2:04-cv-01304-MMD-CWH<br><br>ORDER<br><br>(Plfs.' Objections in Part and Motion to Reconsider Order of Magistrate Judge that Eight Plaintiffs Appear for Second Deposition by Defendant in Las Vegas – dkt. no. 268) |

**I.　SUMMARY**

Before the Court is Plaintiffs' Motion to Reconsider Order of Magistrate Judge that Eight Plaintiffs Appear for Second Deposition by Defendant in Las Vegas (dkt. no. 268). For reasons discussed below, the Court denies the Motion.

**II.　BACKGROUND**

Plaintiffs filed their original complaint nearly eight years ago, on September 17, 2004. In late 2005, Alaska Airlines took Plaintiffs' depositions. On remand from the Ninth Circuit, Plaintiffs filed a Second Amended Complaint ("SAC") on March 19, 2012. (Dkt. no. 225.) The SAC contains seven new defamation causes of action. (*Id.*) Each Plaintiff individually alleges that Defendant defamed him or her. On May 1, 2012, Defendant filed a motion for leave to take second depositions of Plaintiffs regarding these newly pled claims. (Dkt. no. 228.) After several additional filings regarding this discovery motion (dkt. nos. 235, 236, 249), Defendant filed supplemental briefing setting forth additional grounds for leave to take second depositions of plaintiffs (dkt. no. 257).

On July 24, 2012, Magistrate Judge Hoffman granted Defendant's request to take second depositions of Plaintiffs regarding their newly filed defamation claims. (Dkt. no. 264.)

Plaintiffs do not object to the re-deposition of Plaintiff Reda A. Ginena. (Dkt. no. 268 at 1.) Nor do they object to the Magistrate Judge's ruling on the location of the depositions. (*See* Dkt. no. 268.) Plaintiffs object to Judge Hoffman's Order regarding all other depositions. (Dkt. nos. 268.)

### III. DISCUSSION

#### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "28 U.S.C. § 636(b)(1)(A) "would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

#### B. Analysis

After reviewing Magistrate Judge Hoffman's Order, Plaintiffs' Objections, and Defendant's Responses, the Court determines that the Magistrate Judge's Order (dkt.

2

no. 264) was not clearly erroneous or contrary to law.  The Magistrate Judge correctly determined that the newly added claims, substantial passage of time, new allegations in the discovery responses, and unavailability of the information sought by Defendant from other sources made the second depositions of plaintiffs appropriate.  (*See* dkt. no. 266 at 4-5.)  Further, Magistrate Judge Hoffman limited the scope of the second depositions to the newly pled defamation claims (*id.*) and offered the Court's assistance in resolving any objections to ensure that the depositions would be limited in scope.  (*Id.* at 29.)[1]

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reconsider Order of Magistrate Judge that Eight Plaintiffs Appear for Second Deposition by Defendant in Las Vegas (dkt. no. 268) is DENIED.

Plaintiffs' requests for a hearing on the Motion is also DENIED.

DATED THIS 24th day of August  2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Further, Plaintiffs' argument that Mr. Ginena's deposition is an adequate substitute for redeposing the other seven Plaintiffs is unavailing. In Plaintiffs' Reply to Response to Motion to Set New Trial Date (dkt. no. 248), Plaintiffs assert that the nine Plaintiffs "are not identically situated" for the purposes of their defamation claims. (*Id.* at 9.)  As such, Mr. Ginena's deposition would not adequately provide Defendant with testimony regarding each individual plaintiff's asserted damages arising out of his or her defamation claims.