1
2
3
4
5
6              UNITED STATES DISTRICT COURT

7                    DISTRICT OF NEVADA

8                          * * *

REDA GINENA, et al.,                    Case No. 2:04-cv-01304-MMD-CWH
9
                          Plaintiffs,              ORDER
10      v.
                                        (Plfs.' Motion to Reconsider Order of
11   ALASKA AIRLINES, INC.,             Magistrate Judge Excluding Testimony of
                                        Dr. Hisham Issa at trial as a Discovery
12                        Defendant.    Sanction Under Rule 37 – dkt. no. 269)

13

14   **I.    SUMMARY**

15          Before the Court is Plaintiffs' Motion to Reconsider Order of Magistrate Judge

16   Excluding Testimony of Dr. Hisham Issa at trial as a Discovery Sanction Under Rule 37

17   ("Motion to Reconsider") (dkt. no. 269).  For reasons discussed below, the Court denies

18   the Motion.

19   **II.   BACKGROUND**

20          Plaintiffs filed their original complaint nearly eight years ago, on September 17,

21   2004.  On remand from the Ninth Circuit, Plaintiffs filed a Second Amended Complaint

22   ("SAC") on March 19, 2012.  (Dkt. no. 225.)  The SAC contains seven defamation

23   causes of action. (*Id.*)  Each Plaintiff individually alleges that Defendant defamed him or

24   her.

25          Plaintiffs first informed Defendant of their intent to call Dr. Issa as a reputation

26   witness on June 19, 2012, eight days before the discovery cut-off deadline.  (Dkt. no.

27   270 at 3.)  Plaintiffs stated that Dr. Issa would be called to testify about their reputations

28   in the Egyptian business community and the effect of Defendant's actions on these

1   reputations.   On June 24, 2012, Defendant filed a Rule 37 motion to exclude the

2   testimony of Dr. Hisham M. Issa.  (Dkt. no. 243.)

3          On July 24, 2012, Judge Hoffman granted Defendant's motion to exclude Dr.

4   Issa's testimony under Fed. R. Civ. P. 37.  (Dkt. no. 264.)  Plaintiffs ask the Court to

5   reconsider Magistrate Judge's decision.

6   **III.    DISCUSSION**

7          **A.    Legal Standard**

8          Magistrate judges are authorized to resolve pretrial matters subject to district

9   court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C.

10  § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may

11  reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

12  pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is

13  clearly erroneous or contrary to law.").  28 U.S.C. § 636(b)(1)(A) "would also enable the

14  court to delegate some of the more administrative functions to a magistrate, such as . . .

15  assistance in the preparation of plans to achieve prompt disposition of cases in the

16  court."   *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly

17  erroneous when, although there is evidence to support it, the reviewing body on the

18  entire evidence is left with the definite and firm conviction that a mistake has been

19  committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation

20  omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not

21  subject to *de novo* review, and the reviewing court "may not simply substitute its

22  judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951

23  F.2d 236, 241 (9th Cir. 1991).

24         The Judge Hoffman excluded Dr. Issa's testimony pursuant to Fed. R. Civ. P. 37.

25  Notably, the Court did not conduct a *de novo* review of the Magistrate Judge's Order

26  under Rule 37.   However, the Court provides the Rule 37 legal standard here for

27  reference and to lend context to the below analysis. Federal Rule of Civil Procedure 26

28  requires a party to provide to all other parties the name of each individual likely to have

1   discoverable information that the disclosing party may use to support its claims.  Fed. R.

2   Civ. P. 26(a)(1)(A).  Any supplemental disclosures must be made "in a timely manner" if

3   the party learns that in some material respect the initial disclosure was "incomplete or

4   incorrect."  Fed. R. Civ. P. 26(e).  "Rule 37(c)(1) gives teeth to these [Rule 26 disclosure]

5   requirements by forbidding the use at trial of any information required to be disclosed by

6   Rule 26(a) that is not properly disclosed."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,

7   259 F.3d 1101, 1106 (9th Cir. 2001).  Rule 37 instructs that if a party fails to identify a

8   witness as required by Rule 26(a) or (e), the party may not use that witness to supply

9   evidence at trial.  Fed. R. Civ. P. 37(c)(1).  The exclusion of a witness not properly

10  disclosed is appropriate unless the failure to disclose was "substantially justified" or

11  "harmless."  Fed. R. Civ. P. 37(c)(1).  The burden of proving substantial justification or

12  lack of harm is on the party facing sanctions.  *Yeti by Molly*, 259 F.3d at 1107.

13       **B.    Analysis**

14       After reviewing Judge Hoffman's Order, Plaintiffs' Objection, and Defendant's

15  Response, the Court determines that the Magistrate Judge's Order (dkt. no. 264) was

16  not clearly erroneous or contrary to law.

17       Judge Hoffman provided three bases for his conclusion.  First, he concluded that

18  the disclosure of Dr. Issa was not timely.  (Dkt. no. 266 at 59-60.)  Although Plaintiffs

19  disclosed their intention to call Dr. Issa as a witness before the discovery cut-off

20  deadline, Judge Hoffman stated that under Fed. R. Civ. P. 26, Plaintiffs had an

21  obligation to identify Dr. Issa as a witness years ago, when Plaintiffs first raised their

22  defamation causes of action.  (*Id.* at 59.)  Further, Judge Hoffman stated that Plaintiffs

23  had numerous opportunities to disclose their intention to call Dr. Issa as a reputation

24  witness, and should have disclosed such intent by at least June 11, 2012, the date of the

25  most recent joint status report filed in the case.  In that status report, the parties were

26  required to outline "all discovery which has been completed and all discovery that

27  remains."  (*Id.* at 61.)  Judge Hoffman determined that Plaintiffs' failure to comply with

28  ///

1   the Court's order regarding the status report rendered Plaintiffs' disclosure of Dr. Issa

2   untimely.  (*Id*.)  In fact, the parties agree that the disclosure was not timely.

3   However, Plaintiffs argued that the untimely disclosure was (1) justified and (2)

4   not prejudicial to Defendant.  Judge Hoffman correctly rejected these arguments.  Judge

5   Hoffman disagreed with Plaintiffs that the Ginenas' failure to disclose Dr. Issa was

6   excused by either Mrs. Ginena's illness or the turbulent situation in Egypt.  (Dkt. no. 266

7   at 62.)  Judge Hoffman noted that during the relevant time period, the Ginenas were

8   living in Athens, Greece – not Egypt – and also determined that Mrs. Ginena's illness did

9   not excuse the untimely disclosure.  Judge Hoffman determined that because at least

10  some of the Plaintiffs knew of Dr. Issa's existence and ability to testify regarding

11  business reputation damages since the inception of the litigation, Plaintiffs' proffered

12  justifications failed.

13  Judge Hoffman also correctly determined that allowing Dr. Issa to testify would be

14  unduly prejudicial to Defendant.  Plaintiffs' primary argument regarding prejudice was

15  that the untimely disclosure of Dr. Issa does not prejudice Defendant because Plaintiffs

16  had offered to make Dr. Issa available for Defendant to depose.  On this point, Judge

17  Hoffman first noted that because the disclosure was not timely, it resulted in significant

18  surprise to Defendant.  Also important to Judge Hoffman's determination was the nature

19  of Dr. Issa's testimony.  (Dkt. no. 266 at 62-63.)  Judge Hoffman stated that because Dr.

20  Issa would be testifying as a reputation witness, this made the late disclosure

21  "particularly difficult" for Defendant to cure.  (*Id*.)  A reputation witness's testimony often

22  brings to light important evidence and the existence of other potential reputation

23  witnesses.  Therefore, even were Defendant to depose Dr. Issa, Plaintiffs' late disclosure

24  would likely make it difficult for Defendant to properly conduct discovery to counter the

25  testimony provided by Dr. Issa.  This is especially true in light of the fact that Dr. Issa is

26  an Egyptian citizen and United States courts do not have personal jurisdiction over him.

27  Because of this, Defendant has no mechanism to compel Dr. Issa to produce documents

28  ///

1  supporting any deposition testimony he provides.[1]  Further, as Judge Hoffman indicated,

2  Plaintiffs can testify regarding the impact of Defendant's actions on their reputation, so

3  excluding Dr. Issa's testimony would not preclude the jury from hearing testimony

4  regarding reputation damages and does not result in significant prejudice to Plaintiffs.

5  (*See* dkt. no. 266 at 63.)

6       Judge Hoffman correctly found that Plaintiffs failed to meet their burden of proving

7  substantial justification for the untimely disclosure of Dr. Issa and lack of harm as

8  required under Fed. R. Civ. P. 37(c)(1).  Judge Hoffman's decision to exclude Dr. Issa

9  was not clearly erroneous or contrary to law.

10  **IV.   CONCLUSION**

11       IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reconsider Order of

12  Magistrate Judge Excluding Testimony of Dr. Hisham Issa at trial as a Discovery

13  Sanction under Rule 37 (dkt. no. 269) is DENIED.

14       Plaintiffs' request for a hearing on the Motion is also DENIED.

15

16       DATED THIS 30th day of August 2012.

17

18  _____

19                  UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27  [1]Plaintiffs rely on this point to argue that the late disclosure does not prejudice Defendant.  However, this point cuts against Plaintiffs.  Had Plaintiffs disclosed Dr. Issa earlier in the proceedings, Defendant could have taken proper steps to obtain discovery

28  relating to him or to rebut his testimony.

5