UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| REDA GINENA, et al., | Case No. 2:04-cv-01304-MMD-CWH |
|---|---|
| Plaintiffs, | ORDER |
| v. | (Plfs.' Motion to Reconsider Order of Magistrate Judge Excluding Testimony of Dr. Hisham Issa at trial as a Discovery Sanction Under Rule 37 – dkt. no. 269) |
| ALASKA AIRLINES, INC., | |
| Defendant. | |

**I.    SUMMARY**

Before the Court is Plaintiffs' Motion to Reconsider Order of Magistrate Judge Excluding Testimony of Dr. Hisham Issa at trial as a Discovery Sanction Under Rule 37 ("Motion to Reconsider") (dkt. no. 269).  For reasons discussed below, the Court denies the Motion.

**II.    BACKGROUND**

Plaintiffs filed their original complaint nearly eight years ago, on September 17, 2004.  On remand from the Ninth Circuit, Plaintiffs filed a Second Amended Complaint ("SAC") on March 19, 2012.  (Dkt. no. 225.)  The SAC contains seven defamation causes of action.  (*Id.*)  Each Plaintiff individually alleges that Defendant defamed him or her.

Plaintiffs first informed Defendant of their intent to call Dr. Issa as a reputation witness on June 19, 2012, eight days before the discovery cut-off deadline.  (Dkt. no. 270 at 3.)  Plaintiffs stated that Dr. Issa would be called to testify about their reputations in the Egyptian business community and the effect of Defendant's actions on these

reputations. On June 24, 2012, Defendant filed a Rule 37 motion to exclude the testimony of Dr. Hisham M. Issa. (Dkt. no. 243.)

On July 24, 2012, Judge Hoffman granted Defendant's motion to exclude Dr. Issa's testimony under Fed. R. Civ. P. 37. (Dkt. no. 264.) Plaintiffs ask the Court to reconsider Magistrate Judge's decision.

### III. DISCUSSION

#### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). 28 U.S.C. § 636(b)(1)(A) "would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The Judge Hoffman excluded Dr. Issa's testimony pursuant to Fed. R. Civ. P. 37. Notably, the Court did not conduct a *de novo* review of the Magistrate Judge's Order under Rule 37. However, the Court provides the Rule 37 legal standard here for reference and to lend context to the below analysis. Federal Rule of Civil Procedure 26 requires a party to provide to all other parties the name of each individual likely to have

discoverable information that the disclosing party may use to support its claims. Fed. R. Civ. P. 26(a)(1)(A). Any supplemental disclosures must be made "in a timely manner" if the party learns that in some material respect the initial disclosure was "incomplete or incorrect." Fed. R. Civ. P. 26(e). "Rule 37(c)(1) gives teeth to these [Rule 26 disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37 instructs that if a party fails to identify a witness as required by Rule 26(a) or (e), the party may not use that witness to supply evidence at trial. Fed. R. Civ. P. 37(c)(1). The exclusion of a witness not properly disclosed is appropriate unless the failure to disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). The burden of proving substantial justification or lack of harm is on the party facing sanctions. *Yeti by Molly*, 259 F.3d at 1107.

**B.     Analysis**

After reviewing Judge Hoffman's Order, Plaintiffs' Objection, and Defendant's Response, the Court determines that the Magistrate Judge's Order (dkt. no. 264) was not clearly erroneous or contrary to law.

Judge Hoffman provided three bases for his conclusion. First, he concluded that the disclosure of Dr. Issa was not timely. (Dkt. no. 266 at 59-60.) Although Plaintiffs disclosed their intention to call Dr. Issa as a witness before the discovery cut-off deadline, Judge Hoffman stated that under Fed. R. Civ. P. 26, Plaintiffs had an obligation to identify Dr. Issa as a witness years ago, when Plaintiffs first raised their defamation causes of action. (*Id.* at 59.) Further, Judge Hoffman stated that Plaintiffs had numerous opportunities to disclose their intention to call Dr. Issa as a reputation witness, and should have disclosed such intent by at least June 11, 2012, the date of the most recent joint status report filed in the case. In that status report, the parties were required to outline "all discovery which has been completed and all discovery that remains." (*Id.* at 61.) Judge Hoffman determined that Plaintiffs' failure to comply with

///

the Court's order regarding the status report rendered Plaintiffs' disclosure of Dr. Issa untimely. (*Id.*) In fact, the parties agree that the disclosure was not timely.

However, Plaintiffs argued that the untimely disclosure was (1) justified and (2) not prejudicial to Defendant. Judge Hoffman correctly rejected these arguments. Judge Hoffman disagreed with Plaintiffs that the Ginenas' failure to disclose Dr. Issa was excused by either Mrs. Ginena's illness or the turbulent situation in Egypt. (Dkt. no. 266 at 62.) Judge Hoffman noted that during the relevant time period, the Ginenas were living in Athens, Greece – not Egypt – and also determined that Mrs. Ginena's illness did not excuse the untimely disclosure. Judge Hoffman determined that because at least some of the Plaintiffs knew of Dr. Issa's existence and ability to testify regarding business reputation damages since the inception of the litigation, Plaintiffs' proffered justifications failed.

Judge Hoffman also correctly determined that allowing Dr. Issa to testify would be unduly prejudicial to Defendant. Plaintiffs' primary argument regarding prejudice was that the untimely disclosure of Dr. Issa does not prejudice Defendant because Plaintiffs had offered to make Dr. Issa available for Defendant to depose. On this point, Judge Hoffman first noted that because the disclosure was not timely, it resulted in significant surprise to Defendant. Also important to Judge Hoffman's determination was the nature of Dr. Issa's testimony. (Dkt. no. 266 at 62-63.) Judge Hoffman stated that because Dr. Issa would be testifying as a reputation witness, this made the late disclosure "particularly difficult" for Defendant to cure. (*Id.*) A reputation witness's testimony often brings to light important evidence and the existence of other potential reputation witnesses. Therefore, even were Defendant to depose Dr. Issa, Plaintiffs' late disclosure would likely make it difficult for Defendant to properly conduct discovery to counter the testimony provided by Dr. Issa. This is especially true in light of the fact that Dr. Issa is an Egyptian citizen and United States courts do not have personal jurisdiction over him. Because of this, Defendant has no mechanism to compel Dr. Issa to produce documents
///

supporting any deposition testimony he provides.[1]  Further, as Judge Hoffman indicated, Plaintiffs can testify regarding the impact of Defendant's actions on their reputation, so excluding Dr. Issa's testimony would not preclude the jury from hearing testimony regarding reputation damages and does not result in significant prejudice to Plaintiffs. (*See* dkt. no. 266 at 63.)

Judge Hoffman correctly found that Plaintiffs failed to meet their burden of proving substantial justification for the untimely disclosure of Dr. Issa and lack of harm as required under Fed. R. Civ. P. 37(c)(1).  Judge Hoffman's decision to exclude Dr. Issa was not clearly erroneous or contrary to law.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Reconsider Order of Magistrate Judge Excluding Testimony of Dr. Hisham Issa at trial as a Discovery Sanction under Rule 37 (dkt. no. 269) is DENIED.

Plaintiffs' request for a hearing on the Motion is also DENIED.

DATED THIS 30th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs rely on this point to argue that the late disclosure does not prejudice Defendant.  However, this point cuts against Plaintiffs.  Had Plaintiffs disclosed Dr. Issa earlier in the proceedings, Defendant could have taken proper steps to obtain discovery relating to him or to rebut his testimony.