1   WILLIAM V. O'CONNOR, JR. (*admitted pro hac vice*)
    ELLEN ADLER (*admitted pro hac vice*)
2   MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 100
3   San Diego, CA  92130-2040
    Telephone: (858) 720-5100
4   Facsimile: (858) 720-5125
    DRushing@mofo.com
5   WOConnor@mofo.com
    ENudelman@mofo.com
6
    CARRIE MCCREA HANLON
7   MILLS & ASSOCIATES
    3650 North Rancho Drive, Suite 114
8   Las Vegas, NV 89130
    Telephone: (702) 240-6060
9   Facsimile: (702) 240-4267
    chanlon@mcmillslaw.com
10
    Attorneys for Defendant
11  ALASKA AIRLINES, INC.

12                      UNITED STATES DISTRICT COURT

13                            DISTRICT OF NEVADA

14  REDA A. GINENA, NAHID I. GINENA, AMRE        Case No. CV-S-04-1304-RCJ-CWH
    R. GINENA, SABRINA KOBERT, M. MAGDY
15  H. RASIKH, M. SAMIR MANSOUR, AZZA
    EID, NAZMI M. NAZMI, and HEBA NAZMI,         **DEFENDANT ALASKA AIRLINES,
16                                               INC.'S PROPOSED JURY
                   Plaintiffs,                   INSTRUCTIONS**
17
            v.
18                                               Judge:  Honorable Miranda M. Du
    ALASKA AIRLINES, INC.,
19
                   Defendant.
20

21

22

23

24

25

26

27

28

ALASKA AIRLINES, INC.'S PROPOSED JURY INSTRUCTIONS

# TABLE OF CONTENTS

**PAGE**

1. DUTY OF JURY ....................................................................................1

2. CLAIMS AND DEFENSES.....................................................................2

3. WHAT IS EVIDENCE ............................................................................3

4. WHAT IS NOT EVIDENCE....................................................................4

5. EVIDENCE FOR LIMITED PURPOSE....................................................5

6. DIRECT AND CIRCUMSTANTIAL EVIDENCE .....................................6

7. RULING ON OBJECTIONS ....................................................................7

8. CREDIBILITY OF WITNESSES .............................................................8

9. CONDUCT OF THE JURY ....................................................................10

10. NO TRANSCRIPT AVAILABLE TO JURY ............................................12

11. TAKING NOTES ...................................................................................13

12. OUTLINE OF TRIAL ............................................................................14

13. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE...........15

14. JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION ...........................................................16

15. USE OF INTERPRETERS IN COURT ...................................................17

16. ATTORNEY'S RIGHT TO INTERVIEW WITNESS ...............................18

17. BENCH CONFERENCES AND RECESSES ...........................................19

18. STIPULATIONS OF FACT ....................................................................20

19. DEPOSITION IN LIEU OF LIVE TESTIMONY ....................................21

20. IMPEACHMENT EVIDENCE—WITNESS............................................22

21. USE OF INTERROGATORIES OF A PARTY .........................................23

22. REQUESTS FOR ADMISSIONS ...........................................................24

23. EXPERT OPINION................................................................................25

24. EXPERT WITNESS: GENERAL (ALTERNATE)....................................26

25. EXPERT WITNESS: RELIANCE UPON MATTERS NOT ADMITTED IN EVIDENCE ...................................................................27

26. EXPERT WITNESS: HYPOTHETICAL QUESTION ..............................28

27. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE..............29

ALASKA AIRLINES, INC.'S PROPOSED JURY INSTRUCTIONS

# TABLE OF CONTENTS

**PAGE**

28.   CHARTS AND SUMMARIES IN EVIDENCE ................................................30

29.   SPECIAL JURY INSTRUCTION NO. 1:  INTERFERENCE WITH FLIGHT
      CREW MEMBERS AND ATTENDANTS ....................................................31

30.   SPECIAL JURY INSTRUCTION NO. 2:  PROHIBITION ON INTERFERENCE
      WITH CREWMEMBERS ..............................................................................32

31.   SPECIAL JURY INSTRUCTION NO. 3:  WARSAW CONVENTION DELAY
      CLAIM ..........................................................................................................33

32.   SPECIAL JURY INSTRUCTION NO. 4:  PLAINTIFFS' CONTRIBUTORY
      NEGLIGENCE ..............................................................................................34

33.   SPECIAL JURY INSTRUCTION NO. 5:  TOKYO CONVENTION DEFENSE..........35

34.   SPECIAL JURY INSTRUCTION NO. 6:  AUTHORITY OF PILOT IN
      COMMAND ..................................................................................................36

35.   SPECIAL JURY INSTRUCTION NO. 7:  RESPONSIBILITY OF PILOT IN
      COMMAND ..................................................................................................37

36.   SPECIAL JURY INSTRUCTION NO. 8:  CAPTAIN'S EMERGENCY
      DECISION ....................................................................................................38

37.   SPECIAL JURY INSTRUCTION NO. 9:  RIGHT TO REFUSE
      TRANSPORTATION .....................................................................................39

38.   SPECIAL JURY INSTRUCTION NO. 10:  DELAY DAMAGES ..................40

39.   SPECIAL JURY INSTRUCTION NO. 11:  PREEMPTED DAMAGES ........41

40.   SPECIAL JURY INSTRUCTION NO. 12:  DELAY DAMAGES CAP ..........42

41.   SPECIAL JURY INSTRUCTION NO. 13:  WILLFUL MISCONDUCT.......43

42.   DEFAMATORY COMMUNICATION:  DEFINITION ................................44

43.   SPECIAL JURY INSTRUCTION NO. 14:  DEFAMATION ELEMENTS ....45

44.   SPECIAL JURY INSTRUCTION NO. 15:  DEFAMATION DEFENSES ....46

45.   SPECIAL JURY INSTRUCTION NO. 16:  CLAIMS SUBJECT TO LAW
      ENFORCEMENT REPORTING PRIVILEGE...............................................47

46.   SPECIAL JURY INSTRUCTION NO. 17:  CLAIMS SUBJECT TO
      INTRACORPORATE COMMUNICATIONS PRIVILEGE............................48

47.   SPECIAL JURY INSTRUCTION NO. 18: CLAIMS SUBJECT TO COMMON
      INTEREST PRIVILEGE.................................................................................49

48.   SPECIAL JURY INSTRUCTION NO. 19: COMMON INTEREST PRIVILEGE..........50

49.   SPECIAL JURY INSTRUCTION NO. 20:  INTRA-CORPORATE
      COMMUNICATIONS PRIVILEGE................................................................51

# TABLE OF CONTENTS

**PAGE**

50.   SPECIAL JURY INSTRUCTION NO. 21:  LAW ENFORCEMENT
      REPORTING PRIVILEGE ........................................................................52

51.   SPECIAL JURY INSTRUCTION NO. 22: MALICE IN FACT DEFINITION ..............53

52.   DAMAGES: LOST PROFITS .........................................................................54

53.   DAMAGES: UNCERTAINTY AS TO AMOUNT ........................................................55

54.   DUTY TO DELIBERATE ................................................................................56

55.   COMMUNICATION WITH COURT .............................................................................57

56.   RETURN OF VERDICT....................................................................................58

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## 1.    DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:  9th Cir. Civ. Jury Inst. 1.1A (2007)**

Given as Requested:  _____

Given as Modified:  _____

Refused:  _____

Withdrawn:  _____

_____
JUDGE OF THE DISTRICT COURT

## 2.    CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs claim that on September 29, 2003, Alaska Airlines caused them to be delayed in their international travel from Vancouver, Canada to Las Vegas, Nevada by diverting Flight 694 to Reno, Nevada and by delivering Plaintiffs to the police.  Plaintiffs also claim Alaska Airlines employees made certain defamatory statements about Plaintiffs in the days following Flight 694. Plaintiffs have the burden of proving these claims.

Alaska Airlines does not dispute that Plaintiffs reached Las Vegas after Flight 694 was scheduled to land.  However, Alaska Airlines claims that it is not liable for the delay because it took all necessary measures to prevent such a delay and because Plaintiffs themselves caused the delay.  Alaska Airlines also claims it is not liable under an international treaty called the Tokyo Convention, because the Captain of Flight 694 had reasonable grounds to divert the airplane and disembark the Plaintiffs in Reno.  Alaska Airlines disputes that any of its employees' statements were defamatory, and asserts that the statements are subject to various defamation privileges that can only be overcome by a showing of malice.  Alaska Airlines has the burden of proof only on its affirmative defenses of taking all necessary measures to prevent delay, Plaintiffs' contributory negligence, and Tokyo Convention immunity.

Plaintiffs deny Alaska Airlines' affirmative defenses.

**Authority:  9th Cir. Civ. Jury Inst. 1.2 (2007)**


GIVEN:            _____

REFUSED:        _____

MODIFIED:      _____

WITHDRAWN:        _____


_____
JUDGE OF THE DISTRICT COURT

### 3.   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

**Authority:  9th Cir. Civ. Jury Inst. 1.6 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

## 4.      WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they will say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:  9th Cir. Civ. Jury Inst. 1.7 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**5.    EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Authority:  9th Cir. Civ. Jury Inst. 1.8 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

## 6.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority:  9th Cir. Civ. Jury Inst. 1.9 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

# 7.    RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:  9th Cir. Civ. Jury Inst. 1.10 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:    _____

Withdrawn:    _____


_____
JUDGE OF THE DISTRICT COURT

## 8.   CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.

1      You must not be biased in favor of or against any witness because of his or her disability,

2  race, sex, religion, occupation, sexual orientation, or national origin.

3

4

5

6

7

8

9

10

11

12  **Authority:  9th Cir. Civ. Jury Inst. 1.11 (2007); CACI 107**

13

14  Given as Requested:  _____

15  Given as Modified:  _____

16  Refused:  _____

17  Withdrawn:  _____

18

19                                          _____

20                                          JUDGE OF THE DISTRICT COURT

21

22

23

24

25

26

27

28

## 9.  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would

1    require the entire trial process to start over.  If any juror is exposed to any outside information,

2    please notify the court immediately.

**Authority:  9th Cir. Civ. Jury Inst. 1.12 (2007)**

Given as Requested:    _____

Given as Modified:     _____

Refused:               _____

Withdrawn:             _____

_____
JUDGE OF THE DISTRICT COURT

**10.    NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority:  9th Cir. Civ. Jury Inst. 1.13 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____

JUDGE OF THE DISTRICT COURT

## 11.    TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:  9th Cir. Civ. Jury Inst. 1.14 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:    _____

Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

## 12.   OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:  9th Cir. Civ. Jury Inst. 1.19 (2007)**

Given as Requested:   _____

Given as Modified:    _____

Refused:              _____

Withdrawn:            _____

_____
JUDGE OF THE DISTRICT COURT

### 13.     BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:  9th Cir. Civ. Jury Inst. 1.3 (2007)**

Given as Requested:   _____

Given as Modified:    _____

Refused:              _____

Withdrawn:            _____

_____
JUDGE OF THE DISTRICT COURT

1

2

### 14.   JURY TO BE GUIDED BY OFFICIAL ENGLISH
### TRANSLATION/INTERPRETATION

3

Languages other than English may be used during this trial.

4

The evidence to be considered by you is only that provided through the official court

5

[interpreters] [translators].  Although some of you may know [*language to be used*], it is

6

important that all jurors consider the same evidence.  Therefore, you must accept the English

7

[interpretation] [translation].  You must disregard any different meaning.

8

9

10

11

12

13

14

**Authority:  9th Cir. Civ. Jury Inst. 1.16 (2007)**

15

16

Given as Requested:   _____

17

Given as Modified:   _____

18

Refused:   _____

19

Withdrawn:   _____

20

21

_____
JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

**15.     USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Authority:  9th Cir. Civ. Jury Inst. 1.17 (2007)**

Given as Requested:    _____

Given as Modified:     _____

Refused:               _____

Withdrawn:             _____

_____
JUDGE OF THE DISTRICT COURT

**16.   ATTORNEY'S RIGHT TO INTERVIEW WITNESS**

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney and told that attorney what [he] [she] would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

**Authority:  Nevada Civ. Jury Inst. ─ Evidence 2EV.15 (2011)**

Given as Requested:   _____

Given as Modified:   _____

Refused:       _____

Withdrawn:     _____

_____
JUDGE OF THE DISTRICT COURT

## 17.   BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:  9th Cir. Civ. Jury Inst. 1.18 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**18.     STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved:

[INSERT STIPULATIONS OF FACT.]

**Authority:  9th Cir. Civ. Jury Inst. 2.2 (2007)**

Given as Requested:     _____

Given as Modified:      _____

Refused:        _____

Withdrawn:       _____

_____
JUDGE OF THE DISTRICT COURT

## 19.    DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Authority:  9th Cir. Civ. Jury Inst. 2.4 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

## 20.    IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:  9th Cir. Civ. Jury Inst. 2.8 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

1

**21.    USE OF INTERROGATORIES OF A PARTY**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:  9th Cir. Civ. Jury Inst. 2.10 (2007)**

Given as Requested:    _____

Given as Modified:     _____

Refused:              _____

Withdrawn:            _____

_____
JUDGE OF THE DISTRICT COURT

## 22.    REQUESTS FOR ADMISSIONS

As permitted by law, the parties served upon each other a written request for the admission of the truth of certain matters of fact.  You will regard as being conclusively proved all such matters of fact which were expressly admitted by the parties or which the parties failed to deny.

**Authority:  Nevada Civ. Jury Inst. – Evidence 2EV.10 (2011)**

Given as Requested:    _____

Given as Modified:      _____

Refused:                _____

Withdrawn:              _____

_____
JUDGE OF THE DISTRICT COURT

1

## 23.    EXPERT OPINION

2          Some witnesses, because of education or experience, are permitted to state opinions and

3     the reasons for those opinions.

4          Opinion testimony should be judged just like any other testimony.  You may accept it or

5     reject it, and give it as much weight as you think it deserves, considering the witness's education

6     and experience, the reasons given for the opinion, and all the other evidence in the case.

7

8

9

10

11

12

13

14     **Authority:  9th Cir. Civ. Jury Inst. 2.11 (2007)**

15

16     Given as Requested:    _____

17     Given as Modified:     _____

18     Refused:               _____

19     Withdrawn:             _____

20

21                                        _____
                                          JUDGE OF THE DISTRICT COURT
22

23

24

25

26

27

28

1

## 24.   **EXPERT WITNESS: GENERAL (ALTERNATE)**

2       Witnesses who have special knowledge, skill, experience, training, or education in a

3   particular subject have testified to certain opinions.  This type of witness is referred to as an

4   expert witness.  In determining what weight to give any opinions expressed by an expert witness,

5   you should consider the qualifications and believability of the witness, the facts or materials upon

6   which each opinion is based, and the reason for each opinion.

7       An opinion is only as good as the facts and reasons on which it is based.  If you find that

8   any such fact has not been proved, or has been disproved, you must consider that in determining

9   the value of the opinions.  Likewise, you must consider the strengths and weaknesses of the

10  reason on which it is based.

11      You must resolve any conflict in the testimony of the witnesses, weighing each of the

12  opinions expressed against the others, taking into consideration the reasons given for the opinion,

13  the facts relied upon by the witness, his or her relative credibility and his or her special

14  knowledge, skill, experience, training and education.

15

16  **Authority:  Nevada Civ. Jury Inst. – Expert Witness 3EX.2 (2011)**

17

18  Given as Requested:   _____

19  Given as Modified:   _____

20  Refused:   _____

21  Withdrawn:   _____

22

23                                    _____
                                      JUDGE OF THE DISTRICT COURT

24

25

26

27

28

**25.   EXPERT WITNESS: RELIANCE UPON
MATTERS NOT ADMITTED IN EVIDENCE**

An expert witness has testified about [his] [her] reliance upon [books] [treatises] [articles] [statements] that have not been admitted into evidence.  Reference by the expert witness to this material is allowed so that the expert witness may tell you what [he] [she] relied upon to form [his] [her] opinions.  You may not consider the material as evidence in this case.  Rather, you may only consider the material to determine what weight, if any, you will give to the expert's opinions.

**Authority:  Nevada Civ. Jury Inst. ─ Expert Witness 3EX.3 (2011)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**26.   EXPERT WITNESS: HYPOTHETICAL QUESTION**

A hypothetical question has been asked of an expert witness.  In a hypothetical question, the expert witness is told to assume the truth of certain facts, and the expert witness is asked to give an opinion based upon those assumed facts.  You must decide if all of the facts assumed in the hypothetical question have been established by the evidence.  You can determine the effect of that admission upon the value of the opinion.

**Authority:  Nevada Civ. Jury Inst. ─ Expert Witness 3EX.4 (2011)**

Given as Requested:    _____

Given as Modified:     _____

Refused:              _____

Withdrawn:            _____

_____
JUDGE OF THE DISTRICT COURT

1

## 27.   CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

2

Certain charts and summaries not received in evidence [may be] [have been] shown to you

3

in order to help explain the contents of books, records, documents, or other evidence in the case.

4

They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts

5

or figures shown by the evidence in the case, you should disregard these charts and summaries

6

and determine the facts from the underlying evidence.

7

8

9

10

11

12

13

14

**Authority:  9th Cir. Civ. Jury Inst. 2.12 (2007)**

15

16

Given as Requested:    _____

17

Given as Modified:     _____

18

Refused:              _____

19

Withdrawn:            _____

20

21

_____
JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

## 28.   CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:  9th Cir. Civ. Jury Inst. 1.18 (2007)**

Given as Requested:    _____

Given as Modified:      _____

Refused:               _____

Withdrawn:             _____

_____
JUDGE OF THE DISTRICT COURT

**29.     SPECIAL JURY INSTRUCTION NO. 1:  INTERFERENCE WITH FLIGHT CREW MEMBERS AND ATTENDANTS**

An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both. However, if a dangerous weapon is used in assaulting or intimidating the member or attendant, the individual shall be imprisoned for any term of years or for life.

**Authority:  49 U.S.C. § 46504**

Given as Requested:     _____

Given as Modified:      _____

Refused:                _____

Withdrawn:              _____

_____
JUDGE OF THE DISTRICT COURT

1

**30.      SPECIAL JURY INSTRUCTION NO. 2:  PROHIBITION ON INTERFERENCE
WITH CREWMEMBERS**

2

3        No person may assault, threaten, intimidate, or interfere with a crewmember in the

4    performance of the crewmember's duties aboard an aircraft being operated.

5

6

7

8

9

10

11

12

13

14    **Authority:  14 C.F.R. § 91.11**

15

16    Given as Requested:   _____

17    Given as Modified:    _____

18    Refused:              _____

19    Withdrawn:            _____

20

21                                    _____
                                      JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

1

2

**31.    SPECIAL JURY INSTRUCTION NO. 3:  WARSAW CONVENTION DELAY CLAIM**

3

Alaska Airlines is liable for Plaintiffs' damage, if any, occasioned by delay in their

4

transportation by air.  However, Alaska Airlines is not liable if it proves that Alaska Airlines and

5

its agents took all necessary measures to avoid the damage or that it was impossible for Alaska

6

Airlines to take such measures.

7

8

9

10

11

12

13

14

**Authority:** Convention for the Unification of Certain Rules Relating to International Carriage by Air, Signed at Warsaw on 12 October 1929 ("Warsaw Convention"), art. 19, 49 Stat. 3000, T.S.

15

No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 40105, as amended at The Hague in 1955;

16

Warsaw Convention, art. 20, as amended by Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules relating to International Carriage by Air (1975).

17

18

Given as Requested:    _____

19

Given as Modified:     _____

20

Refused:              _____

21

Withdrawn:            _____

22

23

_____

JUDGE OF THE DISTRICT COURT

24

25

26

27

28

1

**32.    SPECIAL JURY INSTRUCTION NO. 4:  PLAINTIFFS' CONTRIBUTORY**
**NEGLIGENCE**

2

3

    If Alaska Airlines proves that the damage from the delay was caused by or contributed to

4

by the negligence of the Plaintiffs, you may exonerate Alaska Airlines wholly or partly from its

5

liability.

6

7

8

9

10

11

12

13

14

**Authority:  Warsaw Convention, Art. 21(1), as amended by Montreal Protocol No. 4.**

15

16

Given as Requested:    _____

Given as Modified:    _____

17

Refused:        _____

18

Withdrawn:        _____

19

20

21

_____

JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

ALASKA AIRLINES, INC.'S PROPOSED JURY INSTRUCTIONS

1

**33.     SPECIAL JURY INSTRUCTION NO. 5:  TOKYO CONVENTION DEFENSE**

As the aircraft commander, Captain Swanigan may, when he has reasonable grounds to believe that a person has committed, or is about to commit, an act which may or does jeopardize the safety of the aircraft or persons or property therein, or which may or does jeopardize good order or discipline on board the aircraft, impose upon such person reasonable measures including restraint which are necessary:

(a) to protect the safety of the aircraft, or of persons or property therein;

(b) to maintain good order and discipline on board; or

(c) to enable him to deliver such persons to competent authorities or to disembark the passenger.

If Captain Swanigan acted with such reasonable grounds during Flight 694 and imposed upon Plaintiffs such reasonable measures, then Alaska Airlines is not liable to Plaintiffs.


**Authority**:  Convention on Offences and Certain Other Acts Committed On Board Aircraft, Signed at Tokyo, on 14 September 1963 (Tokyo Convention), arts. 1, 6, 10.


Given as Requested:    _____

Given as Modified:     _____

Refused:               _____

Withdrawn:             _____


_____
JUDGE OF THE DISTRICT COURT

**34.   SPECIAL JURY INSTRUCTION NO. 6:  AUTHORITY OF PILOT IN COMMAND**

Under Federal Aviation Regulation 14 C.F.R. § 91.3(a), the pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of the aircraft.

**Authority: 14 C.F.R. § 91.3(a).**

Given as Requested:   _____

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1

**35.    SPECIAL JURY INSTRUCTION NO. 7:  RESPONSIBILITY OF PILOT IN COMMAND**

2

3    Under 14 C.F.R. § 121.537, the pilot in command of an aircraft is, during flight time, in

4  command of the aircraft and crew and is responsible for the safety of passengers, crewmembers,

5  cargo, and the aircraft.  The pilot in command has full control and authority in the operation of

6  the aircraft and over other crewmembers and their duties during flight time.

7

8

9  **Authority:  14 C.F.R. § 121.537(d)**

10

11  Given as Requested:    _____

12  Given as Modified:     _____

13  Refused:               _____

14  Withdrawn:             _____

15

16                                    _____
                                     JUDGE OF THE DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

1    **36.        SPECIAL JURY INSTRUCTION NO. 8:  CAPTAIN'S EMERGENCY DECISION**

2            The Captain of an airplane must be able to act decisively in an emergency and, in doing

3    so, rely on communications from his crew.

14   **Authority:  *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 872 (9th Cir. 2010).**

16   Given as Requested:      _____

17   Given as Modified:       _____

18   Refused:                 _____

19   Withdrawn:               _____

21                                    _____
                                      JUDGE OF THE DISTRICT COURT

1

2

### 37.    SPECIAL JURY INSTRUCTION NO. 9:  RIGHT TO REFUSE TRANSPORTATION

3

4

5

6

7

8

An airline is justified in refusing to transport a passenger if that transportation, in the opinion of the pilot, would be inimical to the safety of the flight.  In judging the legality of a denial of passage, you must look to the opinion of the airline pilot, and that opinion controls, if it is a reasonable opinion based on the facts and circumstances as they appear to the pilot at the time that the decision was made.  It is not what is reasonable in the after-light, but what appears to be reasonable at the time.

9

10

11

12

13

14

**Authority:  *Cordero v. CIA Mexicana de Aviacion*, 681 F.2d 669, 671 n.2 (9th Cir. 1982)**

15

16

Given as Requested:    _____

Given as Modified:    _____

17

18

Refused:    _____

Withdrawn:    _____

19

20

21

_____

JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

ALASKA AIRLINES, INC.'S PROPOSED JURY INSTRUCTIONS

1

## 38.    SPECIAL JURY INSTRUCTION NO. 10:  DELAY DAMAGES

Damages for "delay in transportation" under Article 19 of the Warsaw Convention must be directly tied to the Plaintiffs' late arrival at their destination airport.  Such damages include, but are not necessarily limited to, the cost of making alternative travel arrangements, the cost associated with the amount of time lost due to the delay, and inconvenience caused by the delay. You may not award delay damages for emotional distress or reputational injury, if any, that may have been occasioned by the delay.

**Authority:** *Smith v. Peidmont Aviation, Inc.*, 567 F.2d 290, 292 (5th Cir.1978) (holding that cost of making alternative travel arrangements was one type of delay damage contemplated by the Warsaw Convention); *Lopez v. E. Airlines, Inc.*, 677 F. Supp. 181, 183 (S.D.N.Y. 1988) (holding that the plaintiffs' loss of time was another type of delay damage contemplated under the Warsaw Convention); *Daniel v. Virgin Atl. Airways, Ltd.*, 58 F. Supp. 2d 986, 992 (N.D. Cal. 1998) (holding that damages for "inconvenience" were another type of damages cognizable under the Warsaw Convention, but that damages for emotional distress were not); *Lee v. Am. Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004) (damages for emotional/mental distress not recoverable under Article 19 of the Warsaw Convention); *Trans World Airlines, Inc. v. Christophel*, 500 S.W.2d 409, 411 (Ky. Ct. App. 1973) (rejecting a claim for mental anguish damages under Article 19 of the Warsaw Convention).

Given as Requested:  _____

Given as Modified:  _____

Refused:  _____

Withdrawn:  _____

_____
JUDGE OF THE DISTRICT COURT

ALASKA AIRLINES, INC.'S PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 39.   SPECIAL JURY INSTRUCTION NO. 11:  PREEMPTED DAMAGES

Captain Swanigan's statements to the Reno Police at the Reno airport were made during the process of disembarking the plaintiffs from Flight 694.  Plaintiffs cannot recover any damages, other than those directly tied to their delay, related to Captain Swanigan's report to the Reno Police.

**Authority:**   *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 873 (9th Cir. 2010) ("It is thus fair to say that the pilot's statements to the police were part of the disembarkation process. Considering 'the total circumstances surrounding [plaintiffs'] injuries, viewed against the background of the intended meaning of Article 17,' we conclude that the crew's report to the police was covered by the Warsaw Convention.") (citations omitted); Warsaw Convention, art. 17; *Maugnie v. Compagnie Nationale Air France*, 549 F.2d 1256, 1257, 1262 (9th Cir.1977).

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1

**40.    SPECIAL JURY INSTRUCTION NO. 12:  DELAY DAMAGES CAP**

2

Unless Plaintiffs have proven that Alaska Airlines' actions constituted "willful

3

misconduct," any damages you award Plaintiffs under Article 19 of the Warsaw Convention may

4

not exceed 16,600 Special Drawing Rights ("SDR") per Plaintiff.  An SDR is the monetary unit

5

of the International Monetary Fund.  An award of 16,600 SDRs is the equivalent of

6

approximately $25,500.

7

8

9

10

11

12

13

14    **Authority:**  Additional Protocol No. 2 to amend the Convention for the Unification of Certain
Rules Relating to International Carriage by Air signed at Warsaw on 12 October 1929 as

15    amended by the Protocol done at The Hague on 28 September 1955, art. 22(1), Sept. 25, 1975,
2097 U.N.T.S 69.

16

17

18    Given as Requested:    _____

Given as Modified:    _____

19
Refused:    _____

20
Withdrawn:    _____

21

22

_____
23                                    JUDGE OF THE DISTRICT COURT

24

25

26

27

28

41.   **SPECIAL JURY INSTRUCTION NO. 13:  WILLFUL MISCONDUCT**

In order to prove "willful misconduct," Plaintiffs must prove that Alaska Airlines intended to cause Plaintiffs' damages, or that Alaska Airlines acted recklessly with knowledge that damage to Plaintiffs would probably result.

**Authority:**  Montreal Protocol No. 4; *Carey v. United Airlines*, 255 F.3d 1044, 1050 (9th Cir. 2001).

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1

## 42.   DEFAMATORY COMMUNICATION:  DEFINITION

2        A communication is defamatory if it tends so to harm the reputation of the plaintiff as to

3   lower him or her in the estimation of the community or to deter third persons from associating or

4   dealing with him or her.

5        Words or conduct or the combination of words and conduct can communicate defamation.

6

7

8

9

10

11

12

13

14   **Authority:  Nevada Civ. Jury Inst. ─ Intentional Torts 6IT.10 (2011)**

15

16   Given as Requested:   _____

17   Given as Modified:   _____

18   Refused:   _____

19   Withdrawn:   _____

20

21                             _____
                          JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

1

**43.      SPECIAL JURY INSTRUCTION NO. 14:  DEFAMATION ELEMENTS**

2

3        In order to prove their defamation claim, Plaintiffs must demonstrate that Alaska Airlines

4   made (1) a false and defamatory statement of fact concerning the Plaintiffs; (2) that the statement

5   was published to a third person; (3) that Alaska Airlines was at least negligent in making the

6   statement; and (4) that Plaintiffs suffered actual or presumed damages.

7

8

9

10

11

12

13

14   **Authority:** *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005) ("A defamation claims requires
     demonstrating (1) a *false* and defamatory statement of fact by the defendant concerning the
15   plaintiff") (emphasis added) *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 87 (Nev. 2002)
     ("Statements of opinion cannot be defamatory").

16

17

     Given as Requested:      _____
18
     Given as Modified:       _____
19
     Refused:                 _____
20
     Withdrawn:               _____
21

22                                                    _____
23                                                    JUDGE OF THE DISTRICT COURT

24

25

26

27

28

1

**44.     SPECIAL JURY INSTRUCTION NO. 15:  DEFAMATION DEFENSES**

2

A true statement is not defamatory.  A statement of opinion is not defamatory.

3

4

5

6

7

8

9

10

11

12

13

14     **Authority:**  *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005) ("A defamation claims requires demonstrating (1) a *false* and defamatory statement of fact by the defendant concerning the plaintiff") (emphasis added) *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 87 (Nev. 2002) ("Statements of opinion cannot be defamatory").

15

16

17     Given as Requested:     _____

18     Given as Modified:      _____

19     Refused:                _____

20     Withdrawn:              _____

21

22                                    _____
                                       JUDGE OF THE DISTRICT COURT

23

24

25

26

27

28

**45.     SPECIAL JURY INSTRUCTION NO. 16:  CLAIMS SUBJECT TO LAW ENFORCEMENT REPORTING PRIVILEGE**

Plaintiffs' following defamation claims are subject to the law enforcement reporting privilege:

- Plaintiffs' [second claim for relief] concerning Frank Raymond's e-mail to the Federal Air Marshalls.

- Plaintiffs' [eighth and ninth claims for relief] concerning Captain Majer's Chief Pilot Newsletter.

**Authority:** *Pope v. Motel 6*, 114 P.3d 277, 284 (Nev. 2005).

Given as Requested:   _____

Given as Modified:    _____

Refused:              _____

Withdrawn:            _____

_____
JUDGE OF THE DISTRICT COURT

**46.   SPECIAL JURY INSTRUCTION NO. 17:  CLAIMS SUBJECT TO INTRACORPORATE COMMUNICATIONS PRIVILEGE**

Plaintiffs' following defamation claims are subject to the law enforcement reporting privilege:

- Plaintiffs' [fifth claim for relief] concerning Angela Kelly's e-mail to Mary Ryding and John Severski.

- Plaintiffs' [sixth claim for relief] concerning Mary Ryding's email to John Severski and Angela Kelly.

- Plaintiffs' [seventh claim for relief] concerning Dennis Mellen's e-mail to Angela Kelly.

- Plaintiffs' [eighth and ninth claims for relief] concerning Captain Majer's Chief Pilot Newsletter.

**Authority:**  *Pope v. Motel 6,* 114 P.3d 277, 284 (Nev. 2005).

Given as Requested:   _____

Given as Modified:   _____

Refused:        _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

**47.     SPECIAL JURY INSTRUCTION NO. 18: CLAIMS SUBJECT TO COMMON INTEREST PRIVILEGE**

Plaintiffs' following defamation claims are subject to the common interest privilege:

- Plaintiffs' [second claim for relief] concerning Frank Raymond's e-mail to the Federal Air Marshalls.

- Plaintiffs' [fifth claim for relief] concerning Angela Kelly's e-mail to Mary Ryding and John Severski.

- Plaintiffs' [sixth claim for relief] concerning Mary Ryding's email to John Severski and Angela Kelly.

- Plaintiffs' [seventh claim for relief] concerning Dennis Mellen's e-mail to Angela Kelly.

- Plaintiffs' [eighth and ninth claims for relief] concerning Captain Majer's Chief Pilot Newsletter.


**Authority:** *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983) (qualified privilege arises under Nevada law when publication of a statement is made to persons sharing a common interest).


Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____


_____
JUDGE OF THE DISTRICT COURT

1    **48.    SPECIAL JURY INSTRUCTION NO. 19: COMMON INTEREST PRIVILEGE**

2           Unless Plaintiffs have shown that Alaska Airlines acted with malice in fact, any statement

3    the court has found to have been made by Alaska Airlines to a person or entity with a common

4    interest in maintaining flight safety and security cannot be defamatory because it is protected by

5    the common interest privilege.

6

7

8

9

10

11

12

13

14    **Authority:** *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983) (qualified
      privilege arises under Nevada law when publication of a statement is made to persons sharing a
15    common interest).

16

17    Given as Requested:   _____

18    Given as Modified:   _____

19    Refused:   _____

20    Withdrawn:   _____

21

22                                              _____
                                                JUDGE OF THE DISTRICT COURT

23

24

25

26

27

28

1

2

### 49.    SPECIAL JURY INSTRUCTION NO. 20:  INTRA-CORPORATE COMMUNICATIONS PRIVILEGE

Unless Plaintiffs have shown that Alaska Airlines acted with malice in fact, any statement the court has found to have been made solely between Alaska Airlines' agents and/or employees in the regular course of Alaska Airlines' business cannot be defamatory because it is protected by the intra-corporate communications privileges.

3

4

5

6

7

8

9

10

11

12

13

14

**Authority:**   *Pope v. Motel 6,* 114 P.3d 277, 284 (Nev. 2005).

15

16

Given as Requested:   _____

17

Given as Modified:   _____

18

Refused:   _____

19

Withdrawn:   _____

20

_____
JUDGE OF THE DISTRICT COURT

21

22

23

24

25

26

27

28

1

**50.      SPECIAL JURY INSTRUCTION NO. 21:  LAW ENFORCEMENT REPORTING**
**PRIVILEGE**

2

3          Unless Plaintiffs have shown that Alaska Airlines acted with malice in fact, any statement

4   the court has found to have been made by Alaska Airlines to a person or entity involved in law

5   enforcement cannot be defamatory because it is protected by the law enforcement reporting

6   privilege.

7

8

9

10

11

12

13

14   **Authority:**  *Pope v. Motel 6*, 114 P.3d 277, 284 (Nev. 2005).

15

16   Given as Requested:   _____

17   Given as Modified:    _____

18   Refused:              _____

19   Withdrawn:            _____

20

21                                          _____

22                                          JUDGE OF THE DISTRICT COURT

23

24

25

26

27

28

1    **51.     SPECIAL JURY INSTRUCTION NO. 22: MALICE IN FACT DEFINITION**

2            Malice in fact is a stringent standard proven by demonstrating that a statement is

3    published with knowledge that it was false or with reckless disregard for its truth.

13   **Authority:**  *Pope v. Motel 6*, 114 P.3d 277, 283 (Nev. 2005) ("Actual malice is a stringent
14   standard that is proven by demonstrating that 'a statement is published with knowledge that it was
     false or with reckless disregard for its veracity.'")

16   Given as Requested:   _____

17   Given as Modified:    _____

18   Refused:        _____

19   Withdrawn:      _____

                                        _____
                                        JUDGE OF THE DISTRICT COURT

1

## 52.   DAMAGES: LOST PROFITS

2          Lost profits resulting from a breach of contract may be awarded as damages if the nature

3    of the contract, the performance of similar contracts, a record of past profits of an established

4    enterprise, or other evidence provides a valid basis for determining future profits with reasonable

5    certainty.  Future profits are not inherently speculative and are an appropriate measure of

6    damages so long as the evidence provides a basis for determining, with reasonable certainty, what

7    the profits would have been had the contract not been breached.

8          If the evidence permits an award of lost profits, gross profits lost should be awarded if the

9    expenses of the party seeking damages remained constant and there is no evidence demonstrating

10   that they saved any expenses by not having to render a return performance due to another party's

11   breach of contract.  On the other hand, an award of net profits lost rather than gross profits lost is

12   proper where the evidence demonstrates that overhead and/or other expenses were reduced as a

13   result of another party's breach of contract.

14

15   **Authority:  Nevada Civ. Jury Inst. ─ Contracts CN.47 (2011)**

16

17   Given as Requested:   _____

18   Given as Modified:    _____

19   Refused:              _____

20   Withdrawn:            _____

21

22                                      _____
                                       JUDGE OF THE DISTRICT COURT

23

24

25

26

27

28

### 53.  DAMAGES: UNCERTAINTY AS TO AMOUNT

A party seeking damages has the burden of proving both that they did, in fact, suffer injury and the amount of damages resulting from that injury.  The amount of damages need not be proved with mathematical exactitude, but the party seeking damages must provide an evidentiary basis for determining a reasonably accurate amount of damages.  There is no requirement that absolute certainty be achieved; once evidence establishes that the party seeking damages did, in fact, suffer injury, some uncertainty as to the amount of damages is permissible.  However, even if it is provided by an expert, testimony that constitutes speculation not supported by evidence is not sufficient to provide the required evidentiary basis for determining a reasonably accurate award of damage.

**Authority:  Nevada Civ. Jury Inst. ─ Contracts CN.48 (2011)**

Given as Requested:  _____

Given as Modified:  _____

Refused:  _____

Withdrawn:  _____

_____
JUDGE OF THE DISTRICT COURT

1

## 54.    DUTY TO DELIBERATE

2

3       When you begin your deliberations, you should elect one member of the jury as your

4    presiding juror. That person will preside over the deliberations and speak for you here in court.

5       You will then discuss the case with your fellow jurors to reach agreement if you can do

6    so.  Your verdict must be unanimous.

7       Each of you must decide the case for yourself, but you should do so only after you have

8    considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

9    your fellow jurors.

10       Do not hesitate to change your opinion if the discussion persuades you that you should.

11       Do not come to a decision simply because other jurors think it is right.

12       It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13    you can do so after having made your own conscientious decision.  Do not change an honest

14    belief about the weight and effect of the evidence simply to reach a verdict.

15
    **Authority:  9th Cir. Civ. Jury Inst. 3.1 (2007)**

16

17    Given as Requested:    _____

18    Given as Modified:      _____

19    Refused:                      _____

20    Withdrawn:                _____

21

22                                         _____

23                                         JUDGE OF THE DISTRICT COURT

24

25

26

27

28

**55.    COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Authority:  9th Cir. Civ. Jury Inst. 3.2 (2007)**

Given as Requested:    _____

Given as Modified:      _____

Refused:                _____

Withdrawn:              _____

_____
JUDGE OF THE DISTRICT COURT

1

**56.     RETURN OF VERDICT**

2      A verdict form has been prepared for you.  [*Any explanation of the verdict form may be*

3   *given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding

4   juror will fill in the form that has been given to you, sign and date it, and advise the court that you

5   are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14   **Authority:  9th Cir. Civ. Jury Inst. 3.3 (2007)**

15

16   Given as Requested:  _____

17   Given as Modified:   _____

18   Refused:        _____

19   Withdrawn:       _____

20

21                              _____

22

23                              JUDGE OF THE DISTRICT COURT

24

25

26

27

28

1   Respectfully submitted,

2   Dated: January 31, 2013                MORRISON & FOERSTER LLP

3

4                                          By:  _____William V. O'Connor, Jr._____
                                                      William V. O'Connor, Jr.
5
                                           Attorneys for Defendant
6                                          ALASKA AIRLINES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2013, a true and correct copy of the foregoing **DEFENDANT ALASKA AIRLINES, INC.'S PROPOSED JURY INSTRUCTIONS** was transmitted electronically to the Electronic Filing System of the United States District Court for the District of Nevada, constituting service of the filed document, on all Filing Users, all of whom are believed to have consented to electronic service.

Executed on January 31, 2013, at San Diego, California.

_____/s/  William V. O'Connor, Jr._____
William V. O'Connor, Jr.