John F. McHugh
NY Bar No. 2083541
233 Broadway, Suite 2320
New York, NY 10279
212-483-0875
jfmchughpc@aol.com

Gilbert Gaynor
Cal. Bar No. 107109
820 Arguello Road
Santa Barbara, CA 93103
805-962-5842
gglawyer@earthlink.net

Allen Lichtenstein
Nevada Bar No. 3992
3315 Russell Road
Las Vegas, NV 89120
702-433-2666
allaw@lvcoxmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REDA A. GINENA, NAHID I. GINENA, AMRE R. GINENA, SABRINA KOBERT, M. MAGDY H. RASIKH, M. SAMIR MANSOUR, AZZA EID, NAZMI M. NAZMI, and HEBA NAZMI, <br><br> Plaintiffs, <br><br> v. <br><br> ALASKA AIRLINES, INC., <br><br> Defendant. | Case No. CV-S-04-1304-MMD-CWH <br><br> **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** |

1

# **TABLE OF CONTENTS**

2

3    BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE................................4

4    SPECIAL INSTRUCTION NO. 1 – DEFAMATION – INDIVIDUAL
5    PLAINTIFFS AND SEPARATE CLAIMS FOR RELIEF...................................5

6    SPECIAL INSTRUCTION NO. 2 – DEFAMATION –
7    ELEMENTS OF CLAIM.......................................................................6

8    SPECIAL INSTRUCTION NO. 3 – DEFAMATORY COMMUNICATION.........7

9    SPECIAL INSTRUCTION NO. 4 – DEFAMATION – FALSEHOOD....................8

10   SPECIAL INSTRUCTION NO. 5 – EFFECT ON AVERAGE READER..................9
11

12   SPECIAL INSTRUCTION NO. 6 –  DEFAMATION – PUBLICATION..................10

13   SPECIAL INSTRUCTION NO. 7 – DEFAMATION – ACTUAL MALICE...........11

14   SPECIAL INSTRUCTION NO. 8 – ACTUAL MALICE – RECKLESS
15   DISREGARD....................................................................................12

16   SPECIAL INSTRUCTION NO. 9 – NEGLIGENCE AS EVIDENCE OF
17   RECKLESS DISREGARD.....................................................................13

18   SPECIAL INSTRUCTION NO. 10 – CIRCUMSTANTIAL EVIDENCE
19   AS TO STATE OF MIND......................................................................14

20   SPECIAL INSTRUCTION NO. 11 – DEFAMATION PER SE –
     PROOF OF ACTUAL DAMAGES UNNECESSARY....................................15
21

22   SPECIAL INSTRUCTION NO. 12 – CONDITIONAL PRIVILEGE
     AND ABUSE OF THE PRIVILEGE.........................................................16
23

24   SPECIAL INSTRUCTION NO. 13 – PRESUMED GENERAL DAMAGES............18

25   SPECIAL INSTRUCTION NO. 14 – ACTUAL GENERAL DAMAGES.................19

26   SPECIAL INSTRUCTION NO. 15 – ACTUAL DAMAGES –
27   INJURY TO REPUTATION...................................................................20

28

SPECIAL INSTRUCTION NO. 16 – EMOTIONAL DISTRESS AND
RESULTING BODILY HARM…………………………………………………..21

SPECIAL INSTRUCTION NO. 17 – MEASURE OF ACTUAL DAMAGES………..22

SPECIAL INSTRUCTION NO. 18 – PAIN AND SUFFERING……………………..24

SPECIAL INSTRUCTION NO. 19 – PAIN AND SUFFERING:
AGGRAVATION OF PRE-EXISTING CONDITION……………………………….25

SPECIAL INSTRUCTION NO. 20 – SPECIAL DAMAGES………………….……..26

SPECIAL INSTRUCTION NO. 21 – SPECIAL HARM AS
AFFECTING THE MEASURE OF RECOVERY ……………………………….27

SPECIAL INSTRUCTION NO. 22 – LEGAL CAUSE OF
SPECIAL DAMAGES ……………………………………………………………28

SPECIAL INSTRUCTION NO. 23 – CORPORATION ACTS
THROUGH ITS AGENTS, OFFICERS AND EMPLOYEES………………….……..29

SPECIAL INSTRUCTION NO. 24 -- KNOWLEDGE OF
CORPORATION'S AGENTS IS ATTRIBUTED TO CORPORATION……………..30

SPECIAL INSTRUCTION NO. 25 –  PUNITIVE DAMAGES
INSTRUCTION………………………………………………………..…….31

SPECIAL INSTRUCTION NO. 26 – PUNITIVE DAMAGES
INSTRUCTION – AMOUNT…………………………………………………….34

SPECIAL INSTRUCTION NO. 27 – PUNITIVE DAMAGES
AGAINST EMPLOYER FOR ACT OF EMPLOYEE………………………………36

SPECIAL INSTRUCTION NO. 28 – WARSAW CONVENTION –
DELAY CLAIM………………………………………………………..……38

SPECIAL INSTRUCTION NO. 29 – DELAY CLAIM –
CAUSE OF INJURY………………………………………………………..39

SPECIAL INSTRUCTION NO. 30 – DELAY CLAIM – DEFENSE
OF ALL NECESSARY MEASURES TAKEN TO AVOID DAMAGES……………..40

SPECIAL INSTRUCTION NO. 31 – DELAY CLAIM –
WILLFUL MISCONDUCT – DAMAGES CAP……………………………………41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPECIAL INSTRUCTION NO. 32 – DELAY CLAIM – COMPARATIVE
NEGLIGENCE NOT A DEFENSE TO WILLFUL MISCONDUCT…………..……..43

SPECIAL INSTRUCTION NO. 33 – DELAY CLAIM – COMPARATIVE
NEGLIGENCE……………………………………………………………..…....44

SPECIAL INSTRUCTION NO. 34 – DELAY CLAIM –
MEASURE OF DAMAGES……………………………………………..…....46

SPECIAL INSTRUCTION NO. 35 – DELAY CLAIM –
TOKYO CONVENTION DEFENSE…………………………………….……48

SPECIAL INSTRUCTION NO. 36 – DELAY CLAIM –
TOKYO CONVENTION DEFENSE – REASONABLE GROUNDS
TO DISEMBARK A PASSENGER………………………………………………49

SPECIAL INSTRUCTION NO. 37 – DELAY CLAIM –
TOKYO CONVENTION DEFENSE – REASONABLE GROUNDS
TO DELIVER A PASSENGER TO POLICE………………………………………52

SPECIAL INSTRUCTION NO. 38 – DELAY CLAIM –
TOKYO CONVENTION DEFENSE – MEANING OF
REASONABLE GROUNDS FOR BELIEF…………………………………………53

SPECIAL INSTRUCTION NO. 39 – DELAY CLAIM –
TOKYO CONVENTION DEFENSE – REASONABLE GROUNDS
TO DELIVER A PASSENGER TO POLICE – VIOLATION OF
FEDERAL CRIMINAL STATUTE…………………………………………………54

SPECIAL INSTRUCTION NO. 40 – DELAY CLAIM –  TOKYO
CONVENTION DEFENSE – VIOLATION OF FEDERAL CRIMINAL
STATUTE …………………………………………………………………..…56

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

    When a party has the burden of proving any claim or defense by clear and

convincing evidence, it means you must be persuaded by the evidence that the claim or

defense is highly probable. This is a higher standard of proof than proof by a

preponderance of the evidence.  You should base your decision on all of the evidence,

regardless of which party presented it.


**AUTHORITY**
Ninth Circuit Civil Jury Inst. No. 1.4


Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

                            _____
                            JUDGE OF THE DISTRICT COURT

1

2 **SPECIAL INSTRUCTION NO. 1 – DEFAMATION – INDIVIDUAL PLAINTIFFS**

3 **AND SEPARATE CLAIMS FOR RELIEF**

4         There are nine individual plaintiffs in this case, and each is entitled to your

5 consideration of his or her case on its individual merits.   Each plaintiff has claimed that

6 he or she was defamed on six separate occasions by defendant Alaska Airlines, Inc.

7 These separate claims of defamation arise from (1) an e-mail sent by defendant to federal

8 officials on October 1, 2003; (2) an e-mail sent by defendant's manager of security on

9 September 30, 2003; (3) an e-mail sent by another of defendant's executives on

10 September 30, 2003; (4) an e-mail sent by a fourth executive of defendant on September

11

12 29, 2003.  Thus, you shall consider the following instructions as to defamation as they

13 relate individually to each of the six claims made by each plaintiff against defendant.

14

15

16 **AUTHORITY**

17 Pretrial Order, at 1-2; see Ninth Circuit Model Jury Instructions, Instruction No. 1.5

18 ("You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.")

19

20

21 Given as Requested: _____

22 Given as Modified:  _____
Refused:         _____

23 Withdrawn:    _____

24                                              _____
                                                 JUDGE OF THE DISTRICT COURT

25

26

27

28

1

2

**SPECIAL INSTRUCTION NO. 2 – DEFAMATION – ELEMENTS OF CLAIM**

3

4       The plaintiff has the burden of proving by a preponderance of the evidence the

5   facts showing

6       (1) a false and defamatory statement of fact by the defendant concerning the

7   plaintiff;

8       (2) an unprivileged publication to a third person;

9

10      (3) fault, amounting to at least negligence; and

11      (4) actual or presumed damages.

12

13  **AUTHORITY**
    *Pope v. Motel 6*, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005); *Rattray v. City of Nat'l*
14  *City*, 51 F.3d 793, 801 (9th Cir. 1994) ("According to established practice, all elements of
    a defamation claim, with the exception of actual malice in the case of a public official,
15  must be proved by a preponderance of the evidence.")

16

17

18  Given as Requested: _____
    Given as Modified:  _____
19  Refused:       _____
    Withdrawn:    _____
20

21                          _____
                            JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

1

2

**SPECIAL INSTRUCTION NO. 3 – DEFAMATORY COMMUNICATION**

3

4      A communication is defamatory if it tends so to harm the reputation of the plaintiff

5 as to lower him or her in the estimation of the community or to deter third persons from

6 associating or dealing with him or her.  Words or conduct or the combination of words

7 and conduct can communicate defamation.

8

9 **AUTHORITY**

10 NEVADA JURY INSTRUCTIONS – CIVIL 2011, INTENTIONAL TORTS
INSTRUCTION 6IT.10; *K-Mart Corp. v. Washington*, 109 Nev. 1180, 866 P.2d 274

11 (1993).

12

13

Pretrial Order
14 Given as Requested: _____
Given as Modified:  _____
15 Refused:        _____
Withdrawn:   _____
16

17                                          _____
                                          JUDGE OF THE DISTRICT COURT
18

19

20

21

22

23

24

25

26

27

28

1

2 **SPECIAL INSTRUCTION NO. 4 – DEFAMATION – FALSEHOOD**

3        A communication is not defamatory unless it conveys a falsehood about the

4 plaintiff or plaintiffs.   Expressions of opinion may suggest that the publisher knows

5 certain facts to be true or may imply that certain facts exist which will be sufficient to

6

7 render the message defamatory if false.  It is the gist, sting or substance of an alleged

8 defamatory statement that must be false. It is not necessary that every detail be false.

9 Conversely, if the gist, sting or substance is true, there is no defamation.

10

11 **AUTHORITY**
*K-Mart Corp. v. Washington*, 109 Nev. 1180, 1192, 866 P.2d 274, 282 (1993)
12 ("expressions of opinion may suggest that the speaker knows certain facts to be true or
may imply that facts exist which will be sufficient to render the message defamatory if
13 false. *See Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 13, 110 S.Ct. 2695, 2703, 111
L.Ed.2d 1 (1990)."); *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517, 111 S. Ct.
14 2419, 2433, 115 L. Ed. 2d 447 (1991) ("The essence of that inquiry, however, remains the
15 same whether the burden rests upon plaintiff or defendant. Minor inaccuracies do not
amount to falsity so long as "the substance, the gist, the sting, of the libelous charge be
16 justified."); *Weller v. American Broadcasting Companies* (1st Dist.1991) 232 Cal.App.3d
17 991, 1009–1010, 283 Cal.Rptr. 644, 655, 656 (Cal.App. 1991) ("It is the gist, sting or
substance of an alleged defamatory statement that must be false. It is not necessary that
18 every detail be false. Conversely, if the gist, sting or substance is true, there is no
19 defamation.")

20

21 Pretrial Order
Given as Requested: _____
22 Given as Modified:  _____
Refused:        _____
23 Withdrawn:   _____

24
                                                    _____
25                                                    JUDGE OF THE DISTRICT COURT

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SPECIAL INSTRUCTION NO. 5 – EFFECT ON AVERAGE READER**

The defamatory nature of a false and unprivileged publication must be determined by the natural and probable effect of the publication on the mind of the average [reader] [listener] [viewer]. Consequently, if the average [reader] [listener] [viewer] would regard it as a defamatory publication it may be [libelous] [slanderous] on its face even though it is also susceptible of innocent meaning.

**AUTHORITY**
BAJI 7.01 Libel/Slander—Effect on Average Reader
Cal. Jury Instr.--Civ. 7.01, Cal. Jury Instr.--Civ. 7.01

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1

**SPECIAL INSTRUCTION NO. 6 – DEFAMATION – PUBLICATION**

2

Publication of defamatory matter is its communication intentionally or by a

3

negligent act to one other than the person defamed.

4

5

**AUTHORITY**

6

Restat 2d of Torts, § 577(1) What Constitutes Publication

7

8

Given as Requested: _____

9

Given as Modified:  _____

10

Refused:        _____

Withdrawn:   _____

11

_____

12

JUDGE OF THE DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1

**SPECIAL INSTRUCTION NO. 7 – DEFAMATION – ACTUAL MALICE**

2

3

One who publishes a false and defamatory communication concerning a private

person is subject to liability, if, but only if, he acts with actual malice.

4

5

Actual malice is defined as knowledge of the falsity of a statement or a reckless

6

disregard for its truth.

7

8

**AUTHORITY**

9

*Posadas v. City of Reno*, 109 Nev. 448, 454, 851 P.2d 438, 443 (1993) (defining actual malice).  Under Nevada law, one who publishes a false and defamatory communication

10

concerning a private person may subject to liability if he or she acts with negligence, but in this case negligence is irrelevant due to defendant's assertions of qualified privileges,

11

which plaintiffs contend are overcome by actual malice.

12

13

14

Given as Requested: _____

15

Given as Modified:  _____
Refused:        _____

16

Withdrawn:   _____

17

_____
JUDGE OF THE DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28

**SPECIAL INSTRUCTION NO. 8 – ACTUAL MALICE – RECKLESS DISREGARD**

Reckless disregard for the truth may be defined as a high degree of awareness of the probable falsity of a statement.   It may be found where the defendant entertained serious doubts as to the truth of the statement, but published it anyway.   As such, it is a subjective test, focusing on what the defendant believed and intended to convey, and not what a reasonable person would have understood the message to be.

Evidence of negligence, motive, and intent may cumulatively establish necessary recklessness to prove actual malice in a defamation action.

**AUTHORITY**
*Posadas v. City of Reno*, 109 Nev. 448, 454, 851 P.2d 438, 443 (1993) explains:

> Actual malice is defined as knowledge of the falsity of a statement or a reckless disregard for its truth. *Nevada Ind. Broadcasting v. Allen,* 99 Nev. 404, 414, 664 P.2d 337, 344 (1983). Reckless disregard for the truth may be defined as a high degree of awareness of the probable falsity of a statement. *Id.* It may be found where the defendant entertained serious doubts as to the truth of the statement, but published it anyway. *Id.* As such, it is a subjective test, focusing on what the defendant believed and intended to convey, and not what a reasonable person would have understood the message to be. *Id.* at 415, 664 P.2d at 344. Evidence of negligence, motive, and intent may cumulatively establish necessary recklessness to prove actual malice in a defamation action. *Id.*

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:     _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 9 – NEGLIGENCE AS EVIDENCE OF**

**RECKLESS DISREGARD**

Negligence means the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, to avoid injury to themselves or others, under circumstances similar to those shown by the evidence.  It is the failure to use ordinary or reasonable care.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011 NEGLIGENCE INSTRUCTION 4NG.12: NEGLIGENCE: ADULT: DEFINITION. Adaptation of first two sentences of instruction, which in the original provide:

When I use the word "negligence" in these instructions, I mean the
failure to do something which a reasonably careful person would do, or
the doing of something which a reasonably careful person would not do,
to avoid injury to themselves or others, under circumstances similar to
those shown by the evidence.  It is the failure to use ordinary or reasonable care.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SPECIAL INSTRUCTION NO. 10 – CIRCUMSTANTIAL EVIDENCE AS TO**

**STATE OF MIND**

A plaintiff is entitled to prove a defendant's state of mind through circumstantial

evidence.

**AUTHORITY**

*Flowers v. Carville*, 310 F. Supp. 2d 1157, 1163 (D. Nev. 2004) (verbatim) (defamation case).

Given as Requested: _____
Given as Modified:  _____
Refused:       _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

1

2

**SPECIAL INSTRUCTION NO. 11 – DEFAMATION PER SE – PROOF OF**

**ACTUAL DAMAGES UNNECESSARY**

3

4

    Certain defamatory statements are considered defamation *per se,* which means that

5

the law regards such statements as so likely to cause serious injury to reputation and

6

pecuniary loss that these statements are actionable without proof of actual damages.

7

8

    If the defamation tends to injure the plaintiff in his or her business or profession, it

is deemed defamation *per se,* and damages will be presumed.

9

10

    Imputing criminal behavior to an individual is considered defamatory *per se*, and

11

damages will be presumed.

12

13

14

15

16

17

18

19

**AUTHORITY**
*Pope v. Motel 6*, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005) ("A false statement
involving the imputation of a crime has historically been designated as defamatory per
se."); *Paul v. Davis*, 424 U.S. 693, 697, 96 S. Ct. 1155, 1159, 47 L. Ed. 2d 405 (1976)
("Imputing criminal behavior to an individual is generally considered defamatory per se,
and actionable without proof of special damages."); *Chowdhry v. NLVH, Inc.*, 109 Nev.
478, 483-84, 851 P.2d 459, 462 (1993) ("If the defamation tends to injure the plaintiff in
his or her business or profession, it is deemed defamation *per se,* and damages will be
presumed."); *Flowers v. Carville*, 292 F. Supp. 2d 1225, 1232 (D. Nev. 2003) ("A written
or recorded statement is actionable when it falls within the libel per se category.").

20

21

Given as Requested: _____

22

Given as Modified:  _____
Refused:         _____

23

Withdrawn:    _____

24

_____
JUDGE OF THE DISTRICT COURT

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SPECIAL INSTRUCTION NO. 12 – CONDITIONAL PRIVILEGE AND ABUSE OF THE PRIVILEGE**

The six communications of defendant that plaintiffs contend defamed them were subject to conditional privileges for reports to law enforcement (as to the e-mail to the JTTF), for intra-corporate communications (as to all but the e-mail to the JTTF), and to the common-interest privilege (as to all communications). The existence of a conditional privilege is a defense to an action for defamation, unless the defendant abused the privilege when publishing the statement.

Under a conditional privilege, the plaintiff must prove by a preponderance of the evidence that the defendant abused the privilege by publishing the defamatory communication with actual malice. Actual malice is proven by showing that the defendant published a defamatory communication with knowledge that it was false or with reckless disregard for its truth or falsity.

**AUTHORITY**

*Pope v. Motel 6*, 121 Nev. 307, 317, 114 P.3d 277, 283-84 (2005) states:

> Under a qualified privilege, the plaintiff must prove by a preponderance of the evidence that the defendant abused the privilege by publishing the defamatory communication with actual malice. Actual malice is a stringent standard that is proven by demonstrating that "a statement is published with knowledge that it was false or with reckless disregard for its veracity."

The terms "qualified privilege" and "conditional privilege" are synonymous. In the instruction, reference to "a stringent standard" is omitted because it will likely tend to confuse the jurors as to the standard of proof, when the words were plainly intended by the Nevada Supreme Court to refer to the stringency of the substantive standard, and not the degree of proof required.

NO. CV-S-04-1304-MMD-CWH

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 13 – PRESUMED GENERAL DAMAGES**

If a plaintiff shows defamation per se, the plaintiff is entitled to presumed general damages. General damages are awarded for loss of reputation, shame, mortification and hurt feelings.

General damages are presumed upon proof of the defamation alone because that proof establishes that there was an injury that damaged plaintiff's reputation, and because of the impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, loss of business, and any consequential physical illness or pain.

If you find that defendant defamed plaintiff by a defamation that tends to injure the plaintiff in his or her business or profession, or defamed a plaintiff by imputing criminal behavior to him or her, then you shall award presumed general damages to the plaintiff to compensate him or her for loss of reputation, shame, mortification and hurt feelings.

**AUTHORITY**

*Bongiovi v. Sullivan*, 122 Nev. 556, 577, 138 P.3d 433, 448 (2006) states:

> With slander per se, the plaintiff is *entitled to presumed, general damages*. General damages are those that are awarded for "loss of reputation, shame, mortification and hurt feelings." General damages are presumed upon proof of the defamation alone because that proof establishes that there was an injury that damaged plaintiff's reputation and " 'because of the impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, loss of business, and any consequential physical illness or pain." (Emphasis added.)

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1

**SPECIAL INSTRUCTION NO. 14 – ACTUAL GENERAL DAMAGES**

2

3

For each claim of defamation proved by a plaintiff, that plaintiff is entitled, in

addition to presumed general damages, to actual general damages that the plaintiff proves

4

he or she has suffered.   Actual general damages are damages for loss of reputation,

5

6

shame, mortification and hurt feelings.

7

8

**AUTHORITY**

9

Nev. Rev. Stat. Ann. § 41.334 (West) ("General damages" are damages for loss of
reputation, shame, mortification and hurt feelings).  *Weller v. American Broadcasting
Companies, Inc.,* 232 Cal.App.3d 991, 1014–1015, 283 Cal.Rptr. 644, 659 (1991)
explains that both presumed and actual general damages are recoverable in a defamation
case:

10

11

12

13

14

15

16

17

18

19

20

21

> Finally, appellants contend that presumed damages for injury to reputation may be
> awarded only if the plaintiff is unable to prove actual damages.  They therefore
> urge this court to set aside the award of presumed damages on the ground that it
> constitutes a "double recovery."  Appellants argue that the rationale for allowing
> presumed damages, i.e., that certain defamatory statements are certain to cause
> injury to reputation yet "in many cases the effect of the defamatory statements is so
> subtle and indirect that it is impossible directly to trace the effects thereof in loss to
> the person defamed" (Rest., Torts, § 621, com. a, at p. 314), disappears when, as
> here, the plaintiffs are able to prove some actual injury to reputation.  It does not,
> however, follow that if a plaintiff offers proof of actual injury to reputation, that he
> has proved or can prove all the likely effects of the damage to his reputation.  If we
> were to accept appellants' contention that presumed damages are available only in
> lieu of damages for proven injury to reputation, the plaintiff who can prove $1 of
> actual injury would be precluded from further recovery, whereas the plaintiff who
> cannot marshal *any* evidence of actual injury would not be so limited.

22

Given as Requested: _____

23

Given as Modified:  _____
Refused:        _____

24

Withdrawn:    _____

25

_____
JUDGE OF THE DISTRICT COURT

26

27

28

**SPECIAL INSTRUCTION NO. 15 – ACTUAL DAMAGES – INJURY TO REPUTATION**

One who is liable for a defamatory communication is liable for the proved, actual harm caused to the reputation of the person defamed.

**AUTHORITY**
Rest. 2d § 621. General Damage

Given as Requested: _____
Given as Modified:  _____
Refused:       _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 16 – EMOTIONAL DISTRESS AND RESULTING**

**BODILY HARM**

One who is liable to another for a libel or slander is liable also for emotional

distress and bodily harm that is proved to have been caused by the defamatory

publication.

**AUTHORITY**
Rest. 2d § 623. Emotional Distress And Resulting Bodily Harm

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 17 – MEASURE OF ACTUAL DAMAGES**

In determining the amount of losses, if any, suffered by a plaintiff as a [proximate] [legal] result of each claim of defamation that has been proved, you will take into consideration the nature, extent and duration of the [injuries] [damage] you believe from the evidence that plaintiff has sustained, and you will decide upon a sum of money sufficient to reasonably and fairly compensate that plaintiff for the following items:

1. Plaintiff's loss of earnings or earning capacity from the date of the defamation to the present;

2. Plaintiff's loss of earnings or earning capacity which you believe the plaintiff is reasonably certain to experience in the future as a result of the defamation, discounted to present value.

3. The physical and mental pain, suffering, anguish and disability endured by the plaintiff from the date of the defamatory falsehood to the present; and

4. The physical and mental pain, suffering, anguish and disability which you believe plaintiff is reasonably certain to experience in the future as a result of the defamatory falsehood, discounted to present value.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011,PERSONAL INJURY DAMAGES INSTRUCTION 5PID.1: MEASURE OF DAMAGES.  The form instruction has been modified to eliminate reference to medical expenses, which are not at issue, and to substitute references to defamation for references to accidents, and to remove language intended for standard bodily injury tort cases.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 18 – PAIN AND SUFFERING**

No definite standard [or method of calculation] is prescribed by law by which to fix reasonable compensation for pain and suffering.   Nor is the opinion of any witness required as to the amount of such reasonable compensation. In making an award for pain and suffering, you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in light of the evidence.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011,PERSONAL INJURY DAMAGES
INSTRUCTION 5PID.2:PAIN AND SUFFERING: NO DEFINITE STANDARD
    No definite standard [or method of calculation] is prescribed by law by which to fix reasonable compensation for pain and suffering. Nor is the opinion of any witness required as to the amount of such reasonable compensation. In making an award for pain and suffering, you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in light of the evidence.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

NO. CV-S-04-1304-MMD-CWH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SPECIAL INSTRUCTION NO. 19 – PAIN AND SUFFERING: AGGRAVATION OF PRE-EXISTING CONDITION**

A person who has a condition or disability at the time of an injury is entitled to recover damages for any aggravation of such preexisting condition or disability [proximately] [legally] resulting from the injury. This is true even if the person's condition or disability made [him] [her] more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury. Where a preexisting condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011,PERSONAL INJURY DAMAGES INSTRUCTION 5PID.3: PAIN AND SUFFERING: AGGRAVATION OF PRE-EXISTING CONDITION
    A person who has a condition or disability at the time of an injury is not
    entitled to recover damages therefor. However, [he] [she] is entitled to
    recover damages for any aggravation of such preexisting condition or
    disability [proximately] [legally] resulting from the injury.
    This is true even if the person's condition or disability made [him] [her]
    more susceptible to the possibility of ill effects than a normally healthy
    person would have been, and even if a normally healthy person probably
    would not have suffered any substantial injury.
    Where a preexisting condition or disability is so aggravated, the damages
    as to such condition or disability are limited to the additional injury
    caused by the aggravation.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 20 – SPECIAL DAMAGES**

"Special damages" are those damages which a plaintiff alleges and proves that the plaintiff has suffered in respect to the plaintiff's property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves that the plaintiff has expended as a result of the alleged libel or slander.

If you conclude that plaintiff is entitled to recover special damages from defendant, you may award damages to compensate for losses, if any, suffered to date and which plaintiff is reasonably certain to suffer in the future in respect to property, business, trade, profession, or occupation [including the amount of actual damage which is a natural consequence of the publication of the slander] which were caused by the [libel] which was published by the defendant.

**AUTHORITY**

Nev. Rev. Stat. Ann. § 41.335 (West) ( "Special damages" are only those damages which a plaintiff alleges and proves that the plaintiff has suffered in respect to the plaintiff's property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves that the plaintiff has expended as a result of the alleged libel or slander.); BAJI 7.11 Libel/Slander—Special Damages

> If you conclude that plaintiff is entitled to recover special damages from defendant, you may award damages to compensate for losses, if any, suffered to date and which plaintiff is reasonably certain to suffer in the future in respect to property, business, trade, profession, or occupation [including the amount of money which plaintiff has expended as a result of the alleged libel] [including the amount of actual damage which is a natural consequence of the publication of the slander] which were caused by the [libel] [slander] which was published by the defendant.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 21 – SPECIAL HARM AS AFFECTING THE MEASURE OF RECOVERY**

One who is liable for defamation per se is also liable for any special harm legally caused by the defamatory publication.

**AUTHORITY**
Rest 2d § 622. Special Harm As Affecting The Measure Of Recovery ("One who is liable for either a slander actionable per se or a libel is also liable for any special harm legally caused by the defamatory publication.")

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 22 – LEGAL CAUSE OF SPECIAL DAMAGES**

Defamation is a legal cause of special harm to the person defamed if it is a

substantial factor in bringing about the harm.


**AUTHORITY**

Rest 2d  § 622A. Legal Causation Of Special Harm ("Defamation is a legal cause of special harm to the person defamed if  (a) it is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the publisher from liability because of the manner in which the publication has resulted in the harm.")

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 23 – CORPORATION ACTS THROUGH ITS**

**AGENTS, OFFICERS AND EMPLOYEES**

Defendant is a corporation, and as such, can act only through its agents, officers, and employees.  Defendant is responsible for harm caused by the wrongful conduct of its agents, officers, and employees, if that conduct is within the scope of the agents', officers', or employees' actual or apparent authority or employment.

In this case, it is undisputed that the acts and communications of the defendant's agents, officers and employees at issue were acts and communications within their actual or apparent authority or employment.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011 COMMERCIAL TORTS
INSTRUCTION 15CT.2: CORPORATION ACTS THROUGH AGENTS, OFFICERS
AND EMPLOYEES
[Name of defendant] is a [type of organization], and as such, can act only through its agents, officers, and employees. [Name of defendant] is responsible for harm caused by the wrongful conduct of its agents, officers, and employees, if that conduct is within the scope of the agents', officers', or employees' actual or apparent authority or employment.
An agent has only that authority which has been given to [him] [her] by the principal. A principal is not liable for those acts of its agents, officers, or employees as to third parties who know or who reasonably should know that the agent, officer, or employee is acting outside the scope of [his] [her] authority.
The principal, however, is bound by those acts of the agent, which are within the actual or apparent scope of [his] [her] authority, even if the agent, officer, or employee is acting for [his] [her] own motives and without benefit to [his] [her] principal.

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

1

**SPECIAL INSTRUCTION NO. 24 -- KNOWLEDGE OF CORPORATION'S**

2

**AGENTS IS ATTRIBUTED TO CORPORATION**

3

4          A corporation can acquire knowledge of a fact or receive notice only though its

5    officers, managers and employees, and is bound by notice to them.  A corporation is

6    deemed to have constructive knowledge, regardless of its actual knowledge, of all the

7    material facts of which its officers or agents receive notice or acquire knowledge while

8

9    acting in the course of their employment and within the scope of their authority, and the

10   corporation is charged with such knowledge even though the officer or agent does not in

11   fact communicate his knowledge to the corporation.

12

13    **AUTHORITY**

     *In re Amerco Derivative Litig.*, 252 P.3d 681, 695 (Nev. 2011):
14          A corporation can acquire knowledge or receive notice only through its officers

15          and agents, and hence the rule holding a principal, in case of a natural person,
            bound by notice to his agent is particularly applicable to corporations, the general

16          rule being that the corporation is affected with constructive knowledge, regardless
            of its actual knowledge, of all the material facts of which its officer or agent

17          receives notice or acquires knowledge while acting in the course of his
            employment and within the scope of his authority, and the corporation is charged

18          with such knowledge even though the officer or agent does not in fact
            communicate his knowledge to the corporation.

19
     *Id.*, quoting *Strohecker v. Mut. B. & L. Assn.,* 55 Nev. 350, 355, 34 P.2d 1076, 1077

20   (1934).

21

22   Given as Requested: _____
     Given as Modified:  _____

23   Refused:        _____
     Withdrawn:   _____

24

25                              _____
                                JUDGE OF THE DISTRICT COURT

26

27

28

**SPECIAL INSTRUCTION NO. 25 – PUNITIVE DAMAGES INSTRUCTION**

If you find that plaintiff[s] [is] [are] entitled to compensatory damages for actual [harm] [loss] caused by [the] [a] defendant's breach of an obligation [not arising from a contract], then you may consider whether you should award punitive damages against [the] [that] defendant. [The question whether to award punitive damages against a particular defendant must be considered separately with respect to each defendant.]

You may award punitive damages against [the] [a] defendant only if plaintiff[s] prove[s] by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of [the] [that] defendant. You cannot punish [the] [a] defendant for conduct that is lawful, or which did not cause actual [harm] [loss] to the plaintiff[s].

For the purposes of your consideration of punitive damages only:

"Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive the plaintiff[s] of rights or property or to otherwise injure the plaintiff[s].

"Oppression" means despicable conduct that subjects the plaintiff[s] to cruel and unjust hardship with a conscious disregard of the rights of the plaintiff[s].

"Malice" means conduct which is intended to injure the plaintiff[s] or despicable conduct which is engaged in with a conscious disregard of the rights or safety of the plaintiff[s].

"Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.

"Conscious disregard" means knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid these consequences.

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiff[s] whole for [his] [her] [its] [their] injuries.  Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against [the] [a] defendant is entirely within your discretion.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011 12PD.1: LIABILITY PHASE
> If you find that plaintiff[s] [is] [are] entitled to compensatory damages for actual [harm] [loss] caused by [the] [a] defendant's breach of an obligation [not arising from a contract], then you may consider whether you should award punitive damages against [the] [that] defendant. [The question whether to award punitive damages against a particular defendant must be considered separately with respect to each defendant.]
> You may award punitive damages against [the] [a] defendant only if plaintiff[s] prove[s] by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of [the] [that] defendant. You cannot punish [the] [a] defendant for conduct that is lawful, or which did not cause actual [harm] [loss] to the plaintiff[s], [or which occurred and caused [harm] [loss] in other states].
> For the purposes of your consideration of punitive damages only:
> "Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive the plaintiff[s] of rights or property or to otherwise injure the plaintiff[s].
> "Oppression" means despicable conduct that subjects the plaintiff[s] to cruel and unjust hardship with a conscious disregard of the rights of the plaintiff[s].
> "Malice" means conduct which is intended to injure the plaintiff[s] or despicable conduct which is engaged in with a conscious disregard of the rights or safety of the plaintiff[s].
> "Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.
> "Conscious disregard" means knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid these consequences.

1
2
3
4

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiff[s] whole for [his] [her] [its] [their] injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against [the] [a] defendant is entirely within your discretion.

5
6
7
8
9
10

At this time, you are to decide only whether [the] [one or more] defendant[s] engaged in wrongful conduct causing actual [harm] [loss] to the plaintiff[s] with the requisite state of mind to permit an award of punitive damages against [the] [that] defendant, and if so, whether an award of punitive damages against [the] [that] defendant is justified by the punishment and deterrent purposes of punitive damages under the circumstances of this case. If you decide an award of punitive damages is justified, you will later decide the amount of punitive damages to be awarded, after you have heard additional evidence and instruction.

11   Given as Requested: _____
     Given as Modified:  _____
12   Refused:          _____
13   Withdrawn:   _____

14
                                    _____
                                    JUDGE OF THE DISTRICT COURT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SPECIAL INSTRUCTION NO. 26 – PUNITIVE DAMAGES INSTRUCTION --
AMOUNT**

There are no fixed standards for determining the amount of a punitive damage
award; the amount, if any, is left to your sound discretion, to be exercised without passion
or prejudice and in accordance with the following governing principles.

The amount of a punitive damage award is not to compensate the plaintiff[s] for
harm suffered but what is reasonably necessary (in light of the defendant's financial
condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent
in the defendant's conduct) to punish and deter the defendant and others from engaging in
conduct such as that warranting punitive damages in this case. Your award cannot be
more than otherwise warranted by the evidence in this case merely because of the wealth
of the defendant. Your award cannot either punish the defendant for conduct injuring
others who are not parties to this litigation or financially annihilate or destroy the
defendant in light of the defendant's financial condition.

In determining the amount[s] of your punitive damage award[s], you should
consider the following guideposts:

1. The degree of reprehensibility of the defendant's conduct, in light of  (a) the
culpability and blameworthiness of the defendant's fraudulent, oppressive and/or
malicious misconduct under the circumstances of this case; (b) whether the conduct
injuring plaintiff[s] that warrants punitive damages in this case was part of a pattern of
similar conduct by the defendant; and (c) any mitigating conduct by the defendant,
including any efforts to settle the dispute.

2. The ratio of your punitive damage award to the actual harm inflicted on the plaintiff[s] by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to the plaintiff[s] and to the compensatory damages recovered by the plaintiff[s] in this case.

3. How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for the misconduct of a fraudulent, oppressive or malicious defendant and deter and warn others that such conduct will not be tolerated.  Defamation is punishable as a crime, and being criminally charged, convicted, and/or incarcerated for defamation far outweighs any monetary penalty.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011 12PD.2: AMOUNT (references to multiple defendants have been deleted).  The final sentence, explaining the significance of criminal penalties for defamation by comparison,  has been added to conform to the views of the Nevada Supreme Court in *Bongiovi v. Sullivan*, 122 Nev. 556, 583, fn. 86, 138 P.3d 433 (2006):

> Bongiovi also incorrectly compared the punitive damages award to the criminal punishment and fine available under the criminal libel statute, NRS 200.510, as supporting that the punitive damages award was excessive. . . . [A]lthough NRS 200.510 provides for a smaller monetary punishment than was awarded in this case, we conclude that being criminally charged, convicted, and/or incarcerated far outweighs any monetary penalty.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 27 – PUNITIVE DAMAGES AGAINST EMPLOYER FOR ACT OF EMPLOYEE**

You may consider awarding punitive damages against an employer for the wrongful conduct of [his] [her] [its] employee only if:

The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed [him] [her] with a conscious disregard of the rights or safety of others;

The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or

The employer is personally guilty of oppression, fraud or malice, under the instructions I have given you.

If the employer is a corporation, these requirements must be met by an officer, director or managing agent of the corporation who was expressly authorized to direct or ratify the employee's conduct on behalf of the corporation.

A "managing agent" is a person who exercises substantial independent authority, discretion and judgment in his or her corporate decision making so that his or her decisions ultimately determine corporate policy.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL PUNITIVE DAMAGES INSTRUCTION 12PD.3: AGAINST EMPLOYER FOR ACT OF EMPLOYEE; NRS 42.007(1); *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. Adv. Op. No. 64, 192 P.3d 243 (2008

Given as Requested: _____
Given as Modified: _____
Refused:        _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 28 – WARSAW CONVENTION – DELAY CLAIM**

An international airline flight such as the one involved in this case is governed by the Warsaw Convention, which is an international treaty to which the United States is a party. When the United States becomes a party to a treaty, that treaty becomes the law of the United States.

Under the Warsaw Convention, an international air carrier such as defendant is liable for damages to passengers caused by delay in transportation by air.

**AUTHORITY**

Warsaw Convention, Article 19 (""The carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods."

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 29 – DELAY CLAIM – CAUSE OF INJURY**

Defendant is responsible to each plaintiff for damages legally caused by delay.  A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.

**AUTHORITY**
NEVADA JURY INSTRUCTIONS – CIVIL 2011 NEGLIGENCE INSTRUCTION 4NG.14: NEGLIGENCE: LEGAL CAUSE; DEFINITION ("A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm."); *County of Clark, ex rel. University Medical Center v. Upchurch*, 114 Nev. 749, 961 P.2d 754 (1998); RESTATEMENT (SECOND) OF TORTS § 431.

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

NO. CV-S-04-1304-MMD-CWH

**SPECIAL INSTRUCTION NO. 30 – DELAY CLAIM – DEFENSE OF ALL**

**NECESSARY MEASURES TAKEN TO AVOID DAMAGES**

The defendant is not liable to a plaintiff for damages for delay if it proves, as to

that plaintiff, and by a preponderance of the evidence, that it took all necessary measures

to avoid the damage to that plaintiff, or that it was impossible to take such measures.

**AUTHORITY**
Warsaw Convention, Article 20(1)
"(1) The carrier shall not be liable if he proves that he and his agents have taken all
necessary measures to avoid the damage or that it was impossible for him or them to take
such measures."

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 31 – DELAY CLAIM – WILLFUL MISCONDUCT – DAMAGES CAP**

If defendant committed willful misconduct with respect to the delay claim, then plaintiffs may recover the full extent of the damages they prove as a result of the delay. If defendant did not act with willful misconduct, then the damages for delay for each plaintiff are subject to a limit of $_____.

Willful misconduct is the intentional performance of an act with knowledge that the act will probably result in injury or damage, or the intentional performance of an act in such a manner as to imply reckless disregard of the probable consequences. At a minimum, a plaintiff must prove the carrier must have known of the risk to prove willful misconduct.

Determining willful misconduct is based on a subjective standard and can be satisfied through circumstantial evidence.

An air carrier is liable for the willful misconduct of its employees acting within the scope of their employment.

**AUTHORITY**
Warsaw Convention Article 25
    "(1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his willful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.
    "(2) Similarly the carrier shall not be entitled to avail himself of the said provisions, if the damage is caused under the same circumstances by any agent of the carrier acting within the scope of his employment.

*Husain v. Olympic Airways*, 316 F.3d 829, 839 (9th Cir. 2002), *aff'd,* 540 U.S. 644, 124 S. Ct. 1221, 157 L. Ed. 2d 1146 (2004):

Willful misconduct has been defined as "the intentional performance of an act with knowledge that the ... act will probably result in injury or damage or the intentional performance of an act in such a manner as to imply reckless disregard of the probable consequences."8 *Koirala,* 126 F.3d at 1209 (quoting *Johnson v. Am. Airlines, Inc.,* 834 F.2d 721, 724 (9th Cir.1987)). At a minimum, a plaintiff must prove the carrier "must have known" of the risk to prove willful misconduct. *Piamba Cortes v. Am. Airlines, Inc.,* 177 F.3d 1272, 1291 (11th Cir.1999). Determining willful misconduct is based on a subjective standard and can be satisfied through circumstantial evidence. *Koirala,* 126 F.3d at 1211.

Warsaw Convention Article 25(1); see also Nevada Jury Inst., NEGLIGENCE INSTRUCTION 4NG.19: WANTON AND RECKLESS MISCONDUCT

Given as Requested: _____
Given as Modified: _____
Refused: _____
Withdrawn: _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 32 – DELAY CLAIM – COMPARATIVE**

**NEGLIGENCE NOT A DEFENSE TO WILLFUL MISCONDUCT**

If you determine that defendant acted with willful misconduct, then negligence on

the part of a plaintiff, if any, is not a defense, and shall not be considered by you with

respect to the delay claim.

**AUTHORITY**
Warsaw Convention Article 25
    "(1) The carrier shall not be entitled to avail himself of the provisions of this
    convention which exclude or limit his liability, if the damage is caused by his
    willful misconduct or by such default on his part as, in accordance with the law of
    the court to which the case is submitted, is considered to be equivalent to wilful
    misconduct.
*Davies v. Butler*, 95 Nev. 763, 771, 602 P.2d 605, 610 (1979) ("mere negligence on the
part of a plaintiff will not constitute a defense to the wanton or willful misconduct of a
defendant.")


Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

                                        _____
                                        JUDGE OF THE DISTRICT COURT

43                                    NO. CV-S-04-1304-MMD-CWH

**SPECIAL INSTRUCTION NO. 33 – DELAY CLAIM – COMPARATIVE NEGLIGENCE**

If you determine that the defendant did not act with willful or wanton misconduct, and you further determine that a plaintiff's comparative negligence with regard to the delay claim is greater than the negligence of the defendant, that that plaintiff may not recover damages for delay.

However, if the plaintiff was negligent, the plaintiff may still recover a reduced sum so long as his [her] comparative negligence was not greater than the negligence of the defendant.

If you determine that the plaintiff is entitled to recover, you shall return by general verdict the total amount of damages sustained by the plaintiff without regard to his [her] comparative negligence and you shall return a special verdict indicating the percentage of negligence attributable to each party.

The percentage of negligence attributable to the plaintiff shall reduce the amount of such recovery by the proportionate amount of such negligence and the reduction will be made by the Court.

**AUTHORITY**
Warsaw Convention Article 21 provides:
> "If the carrier proves that the damage was caused by or contributed to by the negligence of the injured person the court may, in accordance with the provisions of its own law, exonerate the carrier wholly or partly from his liability.

*See Brink's Ltd. v. South African Airways,* 93 F.3d 1022, 1028 (2d Cir.1996); *Ins. Co. of N. Am. v. Fed. Exp. Corp.*, 189 F.3d 914, 919 (9th Cir. 1999); NRS 41.141.

The final two paragraphs of the instruction are taken from NEVADA JURY INSTRUCTIONS – CIVIL 2011 NEGLIGENCE INSTRUCTION 4NG.20: COMPARATIVE NEGLIGENCE: DEFINITION; EFFECT

Given as Requested: _____
Given as Modified:  _____
Refused:          _____
Withdrawn:       _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 34 – DELAY CLAIM –  MEASURE OF DAMAGES**

If you determine that plaintiffs were delayed, and that defendant has not proven a defense as to a plaintiff  by a preponderance of the evidence, then you shall determine damages for each such plaintiff.

In determining the amount of losses, if any, suffered by a plaintiff as a legal result of defendant's conduct with respect to the delay claim, you will take into consideration the nature, extent and duration of the damage you believe from the evidence the plaintiff has sustained, and you will decide upon a sum of money sufficient to reasonably and fairly compensate each plaintiff for the following items, as applicable:

1. Each plaintiff's out-of-pocket damages, including the cost of airline tickets, the value of hotel rooms, and other such out-of-pocket damages as may be shown by the evidence.

2.  The lost value of each plaintiff's time on the trip.

3.  The inconvenience, humiliation, and embarrassment  resulting from the defendant's conduct with respect to the delay, but not including damages for emotional distress or injury to reputation.

**AUTHORITY**
*Daniel v. Virgin Atlantic Airlines*, 59 F. Supp. 986 ( N.D. Cal. 1998) (inconvenience damages recoverable for delay claim under Warsaw Convention); *Kupferman v. Pakistan Int'l Airlines*, 108 Misc. 2d 485, 489, 438 N.Y.S.2d 189, 192 (Civ. Ct. 1981) ("Plaintiffs are entitled to fair and just compensation for physical discomfort, inconvenience, humiliation, embarrassment and loss of a refreshing, memorable vacation.")

1

2

Given as Requested: _____

3  Given as Modified:  _____

Refused:        _____

4  Withdrawn:     _____

5                                              _____

JUDGE OF THE DISTRICT COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SPECIAL INSTRUCTION NO. 35 – DELAY CLAIM – TOKYO CONVENTION DEFENSE**

Defendant contends that the plaintiffs' claims for delay damages under the Warsaw Convention are barred by the Tokyo Convention.  The Tokyo Convention, like the Warsaw Convention, is an international treaty to which the United States is a party, and governs international aviation.  When the United States becomes a party to a treaty, that treaty becomes the law of the United States.

It is defendant's burden to prove its Tokyo Convention defense.  The Tokyo Convention does not by its terms provide for a complete defense to the Warsaw Convention claims, but instead provides that an airline will not be liable for disembarking a passenger, or for delivering a passenger to law enforcement, if the airline proves its pilot acted in accordance with the requirements of the Tokyo Convention.

**AUTHORITY**
Tokyo Convention Article 10:
> For actions taken in accordance with this Convention, neither the aircraft commander, any other member of the crew, any passenger, the owner  or operator of the aircraft, nor the person on whose behalf the flight was performed shall be held responsible in any proceeding on account of the treatment undergone by the person against whom the actions were taken.

Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 36 – DELAY CLAIM –  TOKYO CONVENTION DEFENSE – REASONABLE GROUNDS TO DISEMBARK A PASSENGER**

Tokyo Convention Article 8 permits the captain, when it is "necessary" to protect the safety of the aircraft, or of persons or property therein, or to maintain good order and discipline on board,  to "disembark ... any person who he has reasonable grounds to believe has committed, or is about to commit, on board the aircraft ... act[s]" which "whether or not they are offences, may or do jeopardize the safety of the aircraft or of persons or property therein or which jeopardize good order and discipline on board"

You must determine, as to each plaintiff, whether defendant has proved by a preponderance of the evidence that the captain, and not a member of defendant's cabin crew, made the decision to disembark that plaintiff.

If you determine that the captain, and not a member of defendant's cabin crew, made the decision to disembark a plaintiff, you must then determine whether the defendant has proved that the captain had reasonable grounds to believe that the plaintiff had committed, or was about to commit, on board the aircraft  an act or acts which whether or not they are offences, may or do jeopardize the safety of the aircraft or of persons or property therein or which jeopardize good order and discipline on board.

If you determine that the captain had reasonable grounds to believe that a plaintiff had committed, or was about to commit, on board the aircraft an act or acts which whether or not they are offences, may or do jeopardize the safety of the aircraft or of persons or property therein or which jeopardize good order and discipline on board, then you must determine whether it was necessary for the captain to disembark that plaintiff.

If you determine, in accordance with the above, that the defendant has proven that (a) the captain made the decision to disembark a plaintiff, (b) the captain had reasonable grounds to believe that the plaintiff had committed, or was about to commit, on board the aircraft an act or acts which whether or not they are offences, may or do jeopardize the safety of the aircraft or of persons or property therein or which jeopardize good order and discipline on board, and (c) it was necessary for the captain to disembark that plaintiff, then you may not hold the defendant liable for damages for delay to that plaintiff that are attributable to the captain's decision to disembark that plaintiff.

**AUTHORITY**
Tokyo Convention, Article 8

> 1. The aircraft commander may, in so far as it is necessary for the purpose of subparagraph a) or b) of paragraph 1 of Article 6, disembark in the territory of any State in which the aircraft lands any person who he has reasonable grounds to believe has committed, or is about to commit, on board the aircraft an act contemplated in Article 1, paragraph 1 b).

Tokyo Convention, Article 1:

> 1. This Convention shall apply in respect of:

> a) offences against penal law;

> b) acts which, whether or not they are offences, may or do jeopardize the safety of the aircraft or of persons or property therein or which jeopardize good order and discipline on board.

Tokyo Convention, Article 6:

> 1. The aircraft commander may, when he has reasonable grounds to believe that a person has committed, or is about to commit, on board the aircraft, an offence or act contemplated in Article 1, paragraph 1, impose upon such person reasonable measures including restraint which are necessary:

> a) to protect the safety of the aircraft, or of persons or property therein; or

> b) to maintain good order and discipline on board; or

> c) to enable him to deliver such person to competent authorities or to disembark him in accordance with the provisions of this Chapter.

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 37 – DELAY CLAIM –  TOKYO CONVENTION DEFENSE – REASONABLE GROUNDS TO DELIVER A PASSENGER TO POLICE**

The Tokyo Convention permits the captain to deliver to law any person who he has reasonable grounds to believe has committed on board the aircraft an act which, in his opinion, is a serious offence according to the penal law of the State of registration of the aircraft.

You must determine, as to each plaintiff, whether defendant has proved by a preponderance of the evidence that the captain had reasonable grounds to believe that the plaintiff had committed a serious offence.  In this case, the serious offense at issue is the violation of a federal criminal law, Title 49 of the United States Code, section 46504.

If you determine that the captain had reasonable grounds to believe that a plaintiff had committed on board the aircraft a violation of Title 49 of the United States Code, section 46504, then you may not hold the defendant liable for damages for delay to that plaintiff that are attributable to the captain's decision to deliver that plaintiff to police.

**AUTHORITY**

Tokyo Convention Article 9:

> 1. The aircraft commander may deliver to the competent authorities of any Contracting State in the territory of which the aircraft lands any person who he has reasonable grounds to believe has committed on board the aircraft an act which, in his opinion, is a serious offence according to the penal law of the State of registration of the aircraft.

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 38 – DELAY CLAIM –  TOKYO CONVENTION**

**DEFENSE – MEANING OF REASONABLE GROUNDS FOR BELIEF**

Reasonableness is a well-established standard that American courts are accustomed to applying in a wide variety of situations involving the behavior of individuals.

The words "reasonably believes" are used to denote the fact that the actor believes that a given fact or combination of facts exists, and that the circumstances which he or she knows, or should know, are such as to cause a reasonable person so to believe.

The circumstances which the actor should know are those which a reasonable person would know if he or she were in the actor's position.


**AUTHORITY**

*Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 868 (9th Cir. 2010), *cert. denied,* 131 S.Ct. 2874 (2011) ("Reasonableness is a well-established and easily-understood standard, one that American courts are accustomed to applying in a wide variety of situations involving the behavior of individuals."); Restatement 2d of Torts, § 11 (1995) ("The words "reasonably believes" are used to denote the fact that the actor believes that a given fact or combination of facts exists, and that the circumstances which he or she knows, or should know, are such as to cause a reasonable person so to believe."); Restatement 2d of Torts, § 11, Comment (a) ("The circumstances which the actor should know are those which a reasonable man would know if he were in the actor's position. . . .").


Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 39 – DELAY CLAIM – TOKYO CONVENTION DEFENSE – REASONABLE GROUNDS TO DELIVER A PASSENGER TO POLICE – VIOLATION OF FEDERAL CRIMINAL STATUTE**

Title 49 of the United States Code, section 46504 states that "An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both. However, if a dangerous weapon is used in assaulting or intimidating the member or attendant, the individual shall be imprisoned for any term of years or for life."

Thus, the statute requires proof of interference, coupled with proof of either assault, or intimidation.

Assault means a willful attempt to inflict injury upon the person of another or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

Intimidation means conduct and words that would place an ordinary, reasonable person in fear.

**AUTHORITY**

[T]he statute is violated only if the interference is accomplished "by assaulting or intimidating a flight crew member or flight attendant."

*Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 871 (9th Cir. 2010), *cert. denied,* 131 S.Ct. 2874 (2011).*see United States v. Tabacca*, 924 F.2d 906, 911 (9th Cir. 1991) (intimidation under statute means "conduct and words [that] would place an ordinary, reasonable person in fear."); *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007):

Assault . . .  means (1) "a willful attempt to inflict injury upon the person of another," also known as "an attempt to commit a battery," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm."

Given as Requested: _____
Given as Modified:  _____
Refused:         _____
Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**SPECIAL INSTRUCTION NO. 40 – DELAY CLAIM – TOKYO CONVENTION**

**DEFENSE – VIOLATION OF FEDERAL CRIMINAL STATUTE**

      The account given by the flight crew at the time of the incident does not disclose

any action on the part of a plaintiff that could amount to a crime.


**AUTHORITY**
*Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 871 (9th Cir. 2010), *cert. denied,* 131 S.Ct. 2874 (2011) ("Even the story told by the flight crew at the time of the incident does not disclose any action on plaintiffs' part that could amount to a crime.")


Given as Requested: _____
Given as Modified:  _____
Refused:        _____
Withdrawn:      _____

 

                                                 _____
                                               JUDGE OF THE DISTRICT COURT

1

2

3

4  DATED:  February 4, 2013                    Respectfully submitted,

5

6                                              JOHN F. MCHUGH
                                               GILBERT GAYNOR
7                                              ALLEN LICHTENSTEIN

8

9                                              /s/_____
10                                             Gilbert Gaynor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28