WILLIAM V. O'CONNOR, JR. *(admitted pro hac vice)*
ELLEN ADLER (*admitted pro hac vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040
Telephone: (858) 720-5100
Facsimile: (858) 720-5125
DRushing@mofo.com
WOConnor@mofo.com
ENudelman@mofo.com

CARRIE MCCREA HANLON
MILLS & ASSOCIATES
3650 North Rancho Drive, Suite 114
Las Vegas, NV 89130
Telephone: (702) 240-6060
Facsimile: (702) 240-4267
chanlon@mcmillslaw.com

Attorneys for Defendant
ALASKA AIRLINES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REDA A. GINENA, NAHID I. GINENA, AMRE R. GINENA, SABRINA KOBERT, M. MAGDY H. RASIKH, M. SAMIR MANSOUR, AZZA EID, NAZMI M. NAZMI, and HEBA NAZMI,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br><br>Defendant. | Case No. CV-S-04-1304-MMD-CWH<br><br>**UNDISPUTED PROPOSED JURY INSTRUCTIONS [JOINT FILING]**<br><br>Judge:  Honorable Miranda M. Du |

# TABLE OF CONTENTS

**PAGE**

1.   DUTY OF JURY ..................................................................................1

2.   CLAIMS AND DEFENSES....................................................................2

3.   WHAT IS EVIDENCE ..........................................................................3

4.   WHAT IS NOT EVIDENCE ..................................................................4

5.   EVIDENCE FOR LIMITED PURPOSE....................................................5

6.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................6

7.   RULING ON OBJECTIONS ...................................................................7

8.   CREDIBILITY OF WITNESSES .............................................................8

9.   CONDUCT OF THE JURY ..................................................................10

10.  NO TRANSCRIPT AVAILABLE TO JURY .............................................12

11.  TAKING NOTES ..............................................................................13

12.  OUTLINE OF TRIAL ........................................................................14

13.  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE...............15

14.  JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION ...............................................16

15.  USE OF INTERPRETERS IN COURT ...................................................17

16.  ATTORNEY'S RIGHT TO INTERVIEW WITNESS ..................................18

17.  BENCH CONFERENCES AND RECESSES .............................................19

18.  STIPULATIONS OF FACT..................................................................20

19.  DEPOSITION IN LIEU OF LIVE TESTIMONY .......................................21

20.  IMPEACHMENT EVIDENCE—WITNESS...............................................22

21.  USE OF INTERROGATORIES OF A PARTY .........................................23

22.  REQUESTS FOR ADMISSIONS ..........................................................24

23.  EXPERT OPINION............................................................................25

24.  EXPERT WITNESS: GENERAL (ALTERNATE).......................................26

25.  EXPERT WITNESS: RELIANCE UPON MATTERS NOT ADMITTED IN EVIDENCE ...............................................................27

26.  EXPERT WITNESS: HYPOTHETICAL QUESTION ..................................28

27.  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE..................29

# TABLE OF CONTENTS

**PAGE**

28. CHARTS AND SUMMARIES IN EVIDENCE ...............................................30

29. DUTY TO DELIBERATE ............................................................................31

30. SPECIAL INSTRUCTION NO. 10: CIRCUMSTANTIAL EVIDENCE AS TO STATE OF MIND .......................................................................................32

31. SPECIAL INSTRUCTION NO. 2: DEFAMATION- ELEMENTS OF CLAIM ............33

32. SPECIAL INSTRUCTION NO 25: PUNITIVE DAMAGES INSTRUCTION..............34

33. BURDEN OF PROOF FOR PUNITIVE DAMAGES: CLEAR AND CONVINCING EVIDENCE ........................................................................37

34. SPECIAL JURY INSTRUCTION NO. 27: PUNITIVE DAMAGES AGAINST EMPLOYER FOR ACT OF EMPLOYEE.........................................................38

35. SPECIAL INSTRUCTION NO 3: DEFAMATORY COMMUNICATION ...................39

36. COMMUNICATION WITH COURT ..............................................................40

37. RETURN OF VERDICT .............................................................................41

## 1.   DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:  9th Cir. Civ. Jury Inst. 1.1A (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**2. CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

[INSERT STATEMENT OF THE CASE]

**Authority: 9th Cir. Civ. Jury Inst. 1.2 (2007)**


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
JUDGE OF THE DISTRICT COURT

### 3.     WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

**Authority:  9th Cir. Civ. Jury Inst. 1.6 (2007)**

Given as Requested:    _____

Given as Modified:     _____

Refused:               _____

Withdrawn:             _____

_____
JUDGE OF THE DISTRICT COURT

## 4.   WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they will say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:  9th Cir. Civ. Jury Inst. 1.7 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

**5.    EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Authority:  9th Cir. Civ. Jury Inst. 1.8 (2007)**

Given as Requested:    _____

Given as Modified:     _____

Refused:               _____

Withdrawn:             _____

_____
JUDGE OF THE DISTRICT COURT

## 6.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority:  9th Cir. Civ. Jury Inst. 1.9 (2007)**

Given as Requested:    _____

Given as Modified:     _____

Refused:               _____

Withdrawn:             _____

_____
JUDGE OF THE DISTRICT COURT

## 7.    RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:  9th Cir. Civ. Jury Inst. 1.10 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:    _____

Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

## 8.    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her disability, race, sex, religion, occupation, sexual orientation, or national origin.

**Authority:  9th Cir. Civ. Jury Inst. 1.11 (2007); CACI 107**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

### 9.     CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would

require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority:  9th Cir. Civ. Jury Inst. 1.12 (2007)**

Given as Requested:     _____

Given as Modified:      _____

Refused:                _____

Withdrawn:              _____

_____
JUDGE OF THE DISTRICT COURT

**10.    NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority:  9th Cir. Civ. Jury Inst. 1.13 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:    _____

Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

**11.     TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:  9th Cir. Civ. Jury Inst. 1.14 (2007)**

Given as Requested:  _____

Given as Modified:  _____

Refused:  _____

Withdrawn:  _____

_____
JUDGE OF THE DISTRICT COURT

## 12.   OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:  9th Cir. Civ. Jury Inst. 1.19 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

### 13.   BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:  9th Cir. Civ. Jury Inst. 1.3 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1
2

## 14.   JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

3

Languages other than English may be used during this trial.

4

The evidence to be considered by you is only that provided through the official court

5

[interpreters] [translators].  Although some of you may know [*language to be used*], it is

6

important that all jurors consider the same evidence.  Therefore, you must accept the English

7

[interpretation] [translation].  You must disregard any different meaning.

8
9
10
11
12
13
14

**Authority:  9th Cir. Civ. Jury Inst. 1.16 (2007)**

15
16

Given as Requested:    _____

17

Given as Modified:      _____

18

Refused:                _____

19

Withdrawn:              _____

20
21

_____
JUDGE OF THE DISTRICT COURT

22
23
24
25
26
27
28

1

## 15.    USE OF INTERPRETERS IN COURT

2            You must not make any assumptions about a witness or a party based solely upon the use

3    of an interpreter to assist that witness or party.

14   **Authority:  9th Cir. Civ. Jury Inst. 1.17 (2007)**

16   Given as Requested:    _____

17   Given as Modified:     _____

18   Refused:              _____

19   Withdrawn:            _____

21                                              _____
                                               JUDGE OF THE DISTRICT COURT

**16.    ATTORNEY'S RIGHT TO INTERVIEW WITNESS**

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give.  The fact that the witness has talked to an attorney and told that attorney what [he] [she] would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

**Authority:  Nevada Civ. Jury Inst. ─ Evidence 2EV.15 (2011)**

Given as Requested:    _____

Given as Modified:    _____

Refused:    _____

Withdrawn:    _____

_____
JUDGE OF THE DISTRICT COURT

## 17.    BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:  9th Cir. Civ. Jury Inst. 1.18 (2007)**

Given as Requested:    _____

Given as Modified:      _____

Refused:                _____

Withdrawn:              _____

_____
JUDGE OF THE DISTRICT COURT

## 18.   STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved:

[INSERT STIPULATIONS OF FACT.]

**Authority:  9th Cir. Civ. Jury Inst. 2.2 (2007)**

Given as Requested:   _____

Given as Modified:    _____

Refused:              _____

Withdrawn:            _____

_____
JUDGE OF THE DISTRICT COURT

19.   **DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Authority:  9th Cir. Civ. Jury Inst. 2.4 (2007)**

Given as Requested:   _____

Given as Modified:    _____

Refused:          _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

**20.     IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:  9th Cir. Civ. Jury Inst. 2.8 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

## 21.   USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:  9th Cir. Civ. Jury Inst. 2.10 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 22.   REQUESTS FOR ADMISSIONS

As permitted by law, the parties served upon each other a written request for the admission of the truth of certain matters of fact.  You will regard as being conclusively proved all such matters of fact which were expressly admitted by the parties or which the parties failed to deny.

**Authority:  Nevada Civ. Jury Inst. ─ Evidence 2EV.10 (2011)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

JOINT UNDISPUTED PROPOSED JURY INSTRUCTIONS

### 23.   EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:  9th Cir. Civ. Jury Inst. 2.11 (2007)**

Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____

_____
JUDGE OF THE DISTRICT COURT

## 24.    EXPERT WITNESS: GENERAL (ALTERNATE)

Witnesses who have special knowledge, skill, experience, training, or education in a particular subject have testified to certain opinions.  This type of witness is referred to as an expert witness.  In determining what weight to give any opinions expressed by an expert witness, you should consider the qualifications and believability of the witness, the facts or materials upon which each opinion is based, and the reason for each opinion.

An opinion is only as good as the facts and reasons on which it is based.  If you find that any such fact has not been proved, or has been disproved, you must consider that in determining the value of the opinions.  Likewise, you must consider the strengths and weaknesses of the reason on which it is based.

You must resolve any conflict in the testimony of the witnesses, weighing each of the opinions expressed against the others, taking into consideration the reasons given for the opinion, the facts relied upon by the witness, his or her relative credibility and his or her special knowledge, skill, experience, training and education.


**Authority:  Nevada Civ. Jury Inst. ─ Expert Witness 3EX.2 (2011)**


Given as Requested:   _____

Given as Modified:   _____

Refused:   _____

Withdrawn:   _____


_____
JUDGE OF THE DISTRICT COURT

**25.   EXPERT WITNESS: RELIANCE UPON
MATTERS NOT ADMITTED IN EVIDENCE**

An expert witness has testified about [his] [her] reliance upon [books] [treatises] [articles] [statements] that have not been admitted into evidence.  Reference by the expert witness to this material is allowed so that the expert witness may tell you what [he] [she] relied upon to form [his] [her] opinions.  You may not consider the material as evidence in this case.  Rather, you may only consider the material to determine what weight, if any, you will give to the expert's opinions.

**Authority:  Nevada Civ. Jury Inst. ─ Expert Witness 3EX.3 (2011)**

Given as Requested:    _____

Given as Modified:    _____

Refused:          _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

## 26.    EXPERT WITNESS: HYPOTHETICAL QUESTION

A hypothetical question has been asked of an expert witness.  In a hypothetical question, the expert witness is told to assume the truth of certain facts, and the expert witness is asked to give an opinion based upon those assumed facts.  You must decide if all of the facts assumed in the hypothetical question have been established by the evidence.  You can determine the effect of that admission upon the value of the opinion.

**Authority:  Nevada Civ. Jury Inst. ─ Expert Witness 3EX.4 (2011)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:      _____

_____
JUDGE OF THE DISTRICT COURT

1

**27.    CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2      Certain charts and summaries not received in evidence [may be] [have been] shown to you

3  in order to help explain the contents of books, records, documents, or other evidence in the case.

4  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts

5  or figures shown by the evidence in the case, you should disregard these charts and summaries

6  and determine the facts from the underlying evidence.

7

8

9

10

11

12

13

14  **Authority:  9th Cir. Civ. Jury Inst. 2.12 (2007)**

15

16  Given as Requested:    _____

17  Given as Modified:     _____

18  Refused:               _____

19  Withdrawn:             _____

20

21                                      _____
                                        JUDGE OF THE DISTRICT COURT

22

23

24

25

26

27

28

## 28.   CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:  9th Cir. Civ. Jury Inst. 1.18 (2007)**

Given as Requested:  _____

Given as Modified:  _____

Refused:  _____

Withdrawn:  _____

_____
JUDGE OF THE DISTRICT COURT

## 29.     DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


**Authority:  9th Cir. Civ. Jury Inst. 3.1 (2007)**


Given as Requested:     _____

Given as Modified:      _____

Refused:                _____

Withdrawn:              _____


_____
JUDGE OF THE DISTRICT COURT

JOINT UNDISPUTED PROPOSED JURY INSTRUCTIONS

1

2

### 30.    SPECIAL INSTRUCTION NO. 10: CIRCUMSTANTIAL EVIDENCE AS TO STATE OF MIND

3

4

A plaintiff is entitled to prove a defendant's state of mind through circumstantial evidence.

5

6

**Authority:** *Flowers v. Carville*, 310 F. Supp. 2d 1157, 1163 (D. Nev. 2004) (verbatim)

7

(defamation case).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **31.    SPECIAL INSTRUCTION NO. 2: DEFAMATION- ELEMENTS OF CLAIM**

2           The plaintiff has the burden of proving by a preponderance of the evidence the facts

3    showing

4           (1) a false and defamatory statement of fact by the defendant concerning the

5           plaintiff;

6           (2) an unprivileged publication to a third person;

7           (3) fault, amounting to at least negligence; and

8           (4) actual or presumed damages.

9

10   **Authority:** *Pope v. Motel 6*, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005); *Rattray v. City of Nat'l City*, 51 F.3d 793, 801 (9th Cir. 1994) ("According to established practice, all elements of a

11   defamation claim, with the exception of actual malice in malice in the case of a public official, must be proved by a preponderance of the evidence.")

12

13   Given as Requested:    _____

14   Given as Modified:    _____

15   Refused:    _____

16   Withdrawn:    _____

17                                              _____

18                                              JUDGE OF THE DISTRICT COURT

19

20

21

22

23

24

25

26

27

28

**32.   SPECIAL INSTRUCTION NO 25: PUNITIVE DAMAGES INSTRUCTION**

If you find that plaintiff[s] [is] [are] entitled to compensatory damages for actual [harm] [loss] caused by [the] [a] defendant's breach of an obligation [not arising from a contract], then you may consider whether you should award punitive damages against [the] [that] defendant. [The question whether to award punitive damages against a particular defendant must be considered separately with respect to each defendant.] You may award punitive damages against [the] [a] defendant only if plaintiff[s] prove[s] by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of [the] [that] defendant. You cannot punish [the] [a] defendant for conduct that is lawful, or which did not cause actual [harm] [loss] to the plaintiff[s].

For the purposes of your consideration of punitive damages only:

"Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive the plaintiff[s] of rights or property or to otherwise injure the plaintiff[s].

"Oppression" means despicable conduct that subjects the plaintiff[s] to cruel and unjust hardship with a conscious disregard of the rights of the plaintiff[s].

"Malice" means conduct which is intended to injure the plaintiff[s] or despicable conduct which is engaged in with a conscious disregard of the rights or safety of the plaintiff[s].

"Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.

"Conscious disregard" means knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid these consequences.

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiff[s] whole for [his] [her] [its] [their] injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against [the] [a] defendant is entirely within your discretion.

1

**Authority:** NEVADA JURY INSTRUCTIONS – CIVIL 2011 12PD.1: LIABILITY PHASE

2

3

If you find that plaintiff[s] [is] [are] entitled to compensatory damages for actual [harm] [loss] caused by [the] [a] defendant's breach of an obligation [not arising from a contract], then you may consider whether you should award punitive damages against [the] [that] defendant. [The question whether to award punitive damages against a particular defendant must be considered separately with respect to each defendant.]

4

5

6

You may award punitive damages against [the] [a] defendant only if plaintiff[s] prove[s] by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of [the] [that] defendant. You cannot punish [the] [a] defendant for conduct that is lawful, or which did not cause actual [harm] [loss] to the plaintiff[s], [or which occurred and caused [harm] [loss] in other states].

7

8

9

For the purposes of your consideration of punitive damages only:

10

"Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive the plaintiff[s] of rights or property or to otherwise injure the plaintiff[s].

11

12

"Oppression" means despicable conduct that subjects the plaintiff[s] to cruel and unjust hardship with a conscious disregard of the rights of the plaintiff[s].

13

14

"Malice" means conduct which is intended to injure the plaintiff[s] or despicable conduct which is engaged in with a conscious disregard of the rights or safety of the plaintiff[s].

15

16

"Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.

17

18

"Conscious disregard" means knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid these consequences.

19

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiff[s] whole for [his] [her] [its] [their] injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against [the] [a] defendant is entirely within your discretion.

20

21

22

At this time, you are to decide only whether [the] [one or more] defendant[s] engaged in wrongful conduct causing actual [harm] [loss] to the plaintiff[s] with the requisite state of mind to permit an award of punitive damages against [the] [that] defendant, and if so, whether an award of punitive damages against [the] [that] defendant is justified by the punishment and deterrent purposes of punitive damages under the circumstances of this case. If you decide an award of punitive damages is justified, you will later decide the amount of punitive damages to be awarded, after you have heard additional evidence and instruction.

23

24

25

26

27

28

1  Given as Requested:   _____

2  Given as Modified:   _____

3  Refused:   _____

4  Withdrawn:   _____

5                          _____
                           JUDGE OF THE DISTRICT COURT
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### 33.    BURDEN OF PROOF FOR PUNITIVE DAMAGES: CLEAR AND CONVINCING EVIDENCE

For purposes of proving punitive damages, clear and convincing evidence means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.  You should base your decision on all of the evidence, regardless of which party presented it.

**Authority: 9th Cir. Civ. Jury Inst. 1.4 (2007)** (modified to reflect applicability to punitive damages claims only).

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____
JUDGE OF THE DISTRICT COURT

1

### 34.    SPECIAL JURY INSTRUCTION NO. 27: PUNITIVE DAMAGES AGAINST EMPLOYER FOR ACT OF EMPLOYEE

2

3

4        You may consider awarding punitive damages against an employer for the wrongful

5   conduct of [his] [her] [its] employee only if:

6        The employer had advance knowledge that the employee was unfit for the purposes of the

7   employment and employed [him] [her] with a conscious disregard of the rights or safety of others;

8        The employer expressly authorized or ratified the wrongful act of the employee for which

9   the damages are awarded; or

10       The employer is personally guilty of oppression, fraud or malice, under the instructions I

11   have given you.

12       If the employer is a corporation, these requirements must be met by an officer, director or

13   managing agent of the corporation who was expressly authorized to direct or ratify the employee's

14   conduct on behalf of the corporation.

15       A "managing agent" is a person who exercises substantial independent authority,

16   discretion and judgment in his or her corporate decision making so that his or her decisions

17   ultimately determine corporate policy.

18   **Authority:** NEVADA JURY INSTRUCTIONS – CIVIL PUNITIVE DAMAGES
19   INSTRUCTION 12PD.3: AGAINST EMPLOYER FOR ACT OF EMPLOYEE; NRS 42.007(1);
     *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. Adv. Op. No. 64, 192 P.3d 243
20   (2008).

21
     Given as Requested:    _____
22
     Given as Modified:     _____
23
     Refused:        _____
24
     Withdrawn:       _____
25
                                _____
26                              JUDGE OF THE DISTRICT COURT

27

28

1

35.     **SPECIAL INSTRUCTION NO 3: DEFAMATORY COMMUNICATION**

2          A communication is defamatory if it tends so to harm the reputation of the plaintiff as to

3    lower him or her in the estimation of the community or to deter third persons from associating or

4    dealing with him or her. Words or conduct or the combination of words and conduct can

5    communicate defamation.

6

7    **Authority:** NEVADA JURY INSTRUCTIONS – CIVIL 2011, INTENTIONAL TORTS
     INSTRUCTION 6IT.10; *K-Mart Corp. v. Washington*, 109 Nev. 1180, 866 P.2d 274

8    (1993).

9

10   Given as Requested:   _____

11   Given as Modified:    _____

12   Refused:              _____

13   Withdrawn:            _____

14                                          _____
                                            JUDGE OF THE DISTRICT COURT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 36.     COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Authority:  9th Cir. Civ. Jury Inst. 3.2 (2007)**

Given as Requested:     _____

Given as Modified:     _____

Refused:     _____

Withdrawn:     _____

_____
JUDGE OF THE DISTRICT COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 37.    RETURN OF VERDICT

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:  9th Cir. Civ. Jury Inst. 3.3 (2007)**

Given as Requested:    _____

Given as Modified:    _____

Refused:        _____

Withdrawn:        _____

_____

JUDGE OF THE DISTRICT COURT

JOINT UNDISPUTED PROPOSED JURY INSTRUCTIONS

1   Respectfully submitted,

2   Dated: February 5, 2013                MORRISON & FOERSTER LLP

3

4                                          By:   _____William V. O'Connor, Jr._____
                                                   William V. O'Connor, Jr.
5

6                                          Attorneys for Defendant
                                           ALASKA AIRLINES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28