UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REDA GINENA, et al.,<br><br>      Plaintiffs,<br> v.<br>ALASKA AIRLINES, INC.,<br><br>      Defendant. | Case No. 2:04-cv-01304-MMD-CWH<br><br>ORDER REGARDING<br>LAW OF THE CASE |

**I. BACKGROUND**

In the Joint Pretrial Order (dkt. no. 312), Plaintiffs submitted the following issue of law to the Court:

> Whether the Ninth Circuit's statement, "even the story told by the flight crew at the time of the incident does not disclose any action on plaintiffs' part that could amount to a crime," *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 871 (9th Cir. 2010) constitutes the law of the case, so as to warrant a jury instruction that it is established as a matter of law that the story told by the flight crew at the time of the incident does not disclose any action on Plaintiffs' part that could amount to a crime.

**II. ANALYSIS**

  **A. Law of the Case Doctrine**

"The doctrine of law of the case generally precludes a court from reconsidering an issue that has already been decided in the identical case, either by the same court or a superior court." *United States v. Real Prop. Located at Incline Village*, 976 F. Supp. 1327, 1353 (D. Nev. 1997) (citations omitted). "The doctrine is designed to ensure judicial consistency and to prevent the reconsideration, during the course of a single continuous lawsuit, of those decisions which are intended to put a particular matter to

rest." *Id.* (citing *Pit River Home and Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir.1994)).

"The law of the case doctrine is routinely characterized not as a limitation on the power of a tribunal to revisit prior rulings, but rather as a guide to the court's exercise of its discretion[.]" *Real Prop.*, 976 F. Supp. at 1353 (citations and quotation marks omitted). "The doctrine is usually described not as a rule of substantive law, but a rule of practice designed to protect both the court and the litigants before it from repeated reargument of issues already decided." *Id.* (citations omitted). "The doctrine applies to issues decided explicitly or by necessary implication in the court's prior ruling." *Id.* (citations omitted).

**B.    Analysis**

The Ninth Circuit addressed, in relevant part, whether this Court properly granted summary judgment on Plaintiffs' Warsaw Convention delay claim based on the provisions of the Tokyo Convention. *Eid*, 621 F.3d 858. Deciding an issue of first impression for U.S. courts, the Ninth Circuit held that the Tokyo Convention standard for analyzing a Captain's conduct was one of reasonableness. *Id.* at 866, 868. The Ninth Circuit then reviewed the summary judgment record and held that a jury could conclude that the Captain's conduct was not reasonable. *Eid*, 621 F.3d at 868-72. The court accordingly remanded the case for a jury to decide whether Captain Swanigan's behavior was reasonable under the Tokyo Convention. *Id.* at 872.

The Court determines that the Ninth Circuit's statement, "even the story told by the flight crew at the time of the incident does not disclose any action on plaintiffs' part that could amount to a crime," *Eid*, 621 F.3d at 871, is not the law of the case. The Court agrees with Defendant that the statement is dicta as it was not necessary to reverse the grant of summary judgment. The statement appears in the portion of the Ninth Circuit decision discussing whether summary judgment was proper. The Court explicitly determined that the reasonableness of Captain Swanigan's decision is a jury question. *Eid*, 621 F.3d at 869, 871-872. Including a jury instruction stating that it is

1  established as a matter of law that Plaintiffs' actions could not have amounted to a crime
2  would go against the gravamen of the Ninth Circuit opinion.  That opinion made clear
3  that it was for the jury, not the Court, to decide whether or not Captain Swanigan's
4  decision to divert the plane and deliver Plaintiffs to the police post-diversion was
5  reasonable.  Captain Swanigan's stated reason for these actions was that he believed
6  Plaintiffs violated 49 U.S.C. § 46504.  *See id*. at 871.  Deciding as a matter of law that
7  Plaintiffs did not commit a crime would essentially establish that this belief was
8  incorrect.[1]

9  Plaintiffs argue that Defendant wrongly conflates two related but distinct issues.
10 Plaintiffs agree with Defendant that the Ninth Circuit ruled that the jury must decide
11 whether the pilot had reasonable grounds to believe Plaintiffs had committed a serious
12 offense.  Plaintiffs disagree, however, that this determination is at issue here.  Rather,
13 Plaintiffs assert that whether the flight crew's story disclosed any evidence that could
14 amount to a crime is a separate and already-decided issue. The Court notes the
15 distinction.  However, the two issues are closely interrelated.  Were the Court to inform
16 the jury that the story told by the flight crew at the time of the incident affirmatively does
17 not disclose any action on Plaintiffs' part which could be criminal, this would, in all
18 practicality, eviscerate Defendant's Tokyo Convention defense.

19 Despite the Court's holding on this point, whether or not Plaintiffs' behavior could
20 have violated 49 U.S.C. § 46504, or was otherwise illegal or disruptive is only relevant to
21 establish the reasonableness of Defendant's employee's actions.  Plaintiffs have
22 requested that evidence relevant to whether Plaintiffs violated 49 U.S.C. § 46504 not be
23 admitted, such as the post-October 1, 2003, FBI investigation and certain FBI
24 memoranda.  The admissibility of the post-October 1, 2003, investigation evidence was
25 addressed in the Court's prior order on Plaintiffs' Motion in Limine.  (Dkt. no. 305.)

---

27 [1] Moreover, the Ninth Circuit was considering the evidence under the summary judgment standard.  In fact, it specifically stated that "[v]iewing plaintiff's version of the
28 facts, they did absolutely nothing that anyone could reasonably believe was criminal."

Evidence regarding whether Plaintiffs' behavior could have constituted a violation of 49 U.S.C. § 46504 will only be admitted when discussing the reasonableness of Defendant's employees' actions (for the Warsaw Convention claim) or their lack of malice (for the defamation claims).

**III.   CONCLUSION**

   IT IS HEREBY ORDERED that the Ninth Circuit's statement referenced in Plaintiffs' Trial Brief (dkt. no. 312) does not constitute the law of the case.

   ENTERED THIS 25th day of February 2013.

   _____
   MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE